## LEE VS. DUNLOP.

An order of a circuit court, requiring the defendant in an action to deliver personal property to a receiver, having been disobeyed, it was competent for the *county judge* of the county in which the the action was pending, to make the order contemplated by sec. 15, chap. 129, R. S., 1858, requiring the sheriff to take possession of the property and deliver it in conformity with the direction of the court.

An exception taken by the respondent is not before this court for review, unless he also appealed.

APPEAL from the Circuit Court for *Milwaukee* County.

*Mrs. Lee* sued *Dunlop* for forcibly entering her store, ejecting her from it and taking possession of the goods. The answer was, 1st. A general denial. 2d. That the defendant was, on &c., an under-sheriff of Milwaukee county, on which day there was delivered to him, as such officer, an order in writing under the seal of the Dane circuit court, of which the following is a copy: "Circuit Court, Dane County. *Robert J. Faries vs. Lydia A. Lee and her husband, Francis C. Lee.*—On reading and filing the report of James Mitchell, Esq., court commissioner of Milwaukee county, made pursuant to an order issued out of this court, June 22, 1861, wherein and whereby the said *Lydia A. Lee* is ordered and directed, among other things, to assign, transfer and deliver over all her personal property to Jerome R. Brigham, Esq., receiver heretofore appointed in this action, and it appearing from said report that said order is disobeyed, and it appearing from the pleadings on file in this action, that such property consists in part of a stock of millinery goods, contained in the store occupied by said *Lydia A. Lee*, situate on, &c. Now, therefore, on motion of, &c., it is hereby ordered, that the sheriff of Milwaukee county be and he is hereby commanded, immediately upon the receipt of this order, to enter into said store and take possession thereof, and of the goods and personal property therein contained belonging to said *Lydia A. Lee*, and to eject and remove her therefrom, together with all her agents, counsellors and attorneys, and that said sheriff put the said receiver, Jerome R. Brigham, in full and complete possession of said store and goods; and said receiver is hereby ordered to take possession thereof,

and to report to this court forthwith, &c. *Dated at Madison, July 2, 1861. THOMAS HOOD, County Judge, Dane County, Wisconsin;" that he immediately executed said order, and returned it to said court with an indorsement thereon that he had put said Brigham, receiver, into full possession of said store and goods; and that he had exercised no other control over said goods or store.

On the trial, it was proved that the defendant took possession of the store and goods referred to in the order, on the 5th of July, and removed Mrs. Lee from the store, using no more force than was necessary. Evidence was given of the value of the goods.—The defendant offered in evidence a certified copy of the record of the case of Robert J. Faries vs. Lydia A. Lee et al., to which the plaintiff objected, for the reasons "that the circuit court of Dane county had no jurisdiction of the case; that the record, as a whole, was inadmissible; that Thomas Hood, as court commissioner and acting in that behalf, had no authority to make the order directing the sheriff to enter the store of the plaintiff and take the goods and deliver them to a receiver; that the order was upon its face a nullity, and inadmissible under the pleadings." The court at first overruled the objection and permitted the record to be read, but subsequently held that the order of Thomas Hood, being a portion of the record offered, was void, and ruled it out, but admitted the balance of the record for the purpose of showing that a receiver had been appointed to take possession of the plaintiff's goods, &c. Both parties excepted to this ruling. The defendant also offered in evidence the record of an order made by the county judge of Milwaukee county, on the 1st of June, 1861, in an action brought by Jaffray et al. vs. Lee et al., appointing Jerome R. Brigham receiver of the personal property of Mrs. Lee not exempt from execution, and enjoining her from interfering with or disposing of her separate estate except in obedience to that order; and an order of the same judge in the same action, made on the same day, declaring that the receiver had given security as required, and directing Mrs. Lee to deliver to him possession of the store occupied by her and of her personal property; and an order made by the same judge

on the 17th of June, extending the order of receivership in that case so as to embrace also the case of *Faries et al. vs. The same defendants*; and an order made by the judge of the Milwaukee circuit court in the same action, dated June 5th, directing *Mrs. Lee* to assign and deliver to said receiver all her personal estate not by law exempt from execution. Exceptions were taken by the plaintiff to the admission of the above evidence; but as no appeal was taken by her, the objections made to the testimony are omitted. The defendant asked the following, among other instructions to the jury: "1. That if they should find that the defendant, acting in his official capacity as an under-sheriff of Milwaukee county, under and in pursuance of an order of the Dane circuit court, dispossessed the plaintiff of her store and goods, using no more force than was necessary to carry out the order, their verdict must be for the defendant. 2. That an order signed by the county judge of Dane county, in an action pending in the circuit court for that county, is as binding upon the parties to the action as if made in open court, unless set aside in the same action upon motion, or by the county judge, or upon an appeal; and that if the acts of the defendant, complained of, were done under and pursuant to such an order, then all his acts were lawful, and their verdict should be in his favor." The circuit court refused to give either of these instructions, but charged the jury, "that the order under which the defendant acted was a nullity; that such an order could only be made by a court, and not by a judge out of court; that the defendant committed a trespass in executing such order, and the measure of damages should be the damages which the plaintiff sustained by reason of the ejectment from the store; and that they might further estimate the damages which the plaintiff had sustained by reason of the detention of the store from the date of the ejectment until the rendition of the verdict."

Verdict for the plaintiff for $500. Motion for a new trial overruled, and judgment.

*Merrick & Hill*, for the appellant.

*Finches, Lynde & Miller*, for the respondent.

January Term, 1862.

LEE
v.
DUNLOP.

May 15.

*By the Court*, DIXON, C. J.   If, as claimed by the counsel for the present plaintiff in *Todd vs. Lee* and other cases just decided, and as intimated in the opinion in those cases, the title of the goods and the leasehold interest in the premises in question vested *at law* in the plaintiff's husband, that would seem to have been a conclusive answer to this action.   The possession of the plaintiff would have been the possession of her husband, and all actions at law for injuries done to it, must have been prosecuted in his name. But no question of this kind was made on the trial below, and it is altogether probable that it cannot now be considered.   (But see 18 Johns., 559, and 8 Cow., 661.)   We do not, therefore, express any opinion upon it.

The exceptions on the part of the plaintiff are not before us for review, no appeal having been taken by her.  *Knox vs. Cleveland*, 13 Wis., 245.   The only question material to be considered is, as to the power of the county judge to make the order directing the sheriff to put the receiver in possession of the store and goods.   The circuit judge held that he had no such power, excluded the order, and directed the jury to return a verdict for the plaintiff.   Whether the order was authorized or not depends on the following provisions of the Revised Statutes : Chapter 129, section 15.   " Whenever in the exercise of its authority, a court shall have ordered the deposit, delivery or conveyance of money or other property, and the order is disobeyed, the court, besides punishing the disobedience as for contempt, may make an order requiring the sheriff to take the money or property, and deposit, deliver or convey it, in conformity with the directions of the court, or the court may pass title to real estate by its judgment, without conveyance, in like manner as may now be done by decree."   Chapter 140, section 28 : " Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order."   Section 29 : " An application for an order is a motion.   Motions may be made to a judge out of court, except for a new trial on the merits.   Motions must be made within the circuit in which the action is triable.   Orders made out of court without notice may be made by any judge of the court, in any

part of the state; and they may be made by any county
judge or court commissioner of the county where the action is
triable; except to stay proceedings after verdict." By the
40th section, the sheriff is required to serve or execute any
summons, order or judgment which may be directed to him
under the chapter.

It seems very plain to us that the county judge possessed
the power. The direction to the sheriff to take and deliver
the money or property when the party has refused, is ex-
pressly named *an order*. Every direction of a court or judge,
made or entered in writing and not included in a judgment,
is declared to be *an order*. An application for an order is a
motion. *Motions*, except for a new trial on the merits, may
be made to a judge out of court. *Orders made out of court*,
without notice, except to stay proceedings after verdict, may
be made by any judge of the court, a county judge or court
commissioner of the county where the action is triable. It
is difficult to conceive how it would have been possible to
have conferred the authority by language more clear and
explicit.

The counsel for the plaintiff seem in some way to suppose
that it was a proceeding to punish for the contempt involved
in the disobedience of the first orders. We do not so under-
stand it. Punishing the disobedience as for a contempt is
one thing, and making the order requiring the sheriff to take
and deliver the property, quite another. One is a proceed-
ing to vindicate the dignity and authority of the court; the
other a measure designed for the more immediate relief of
the party aggrieved. Both may be resorted to in proper
cases, or either may be pursued without the other. It may
therefore well be, that the county judge could take no step
in the prosecution for the contempt, but that does not affect
this question. Very great inconvenience as well as injustice
would have ensued, if the power to make such orders had
been confined to the courts, which, in many places, are in
session but a small part of the time.

Judgment reversed, and new trial ordered.