## HAIGHT VS. LUCIA and another.

PROCEEDING FOR CONTEMPT. (1) *A criminal proceeding in all cases. How to be entitled.* (2) *Power of court commissioner to attach for contempt.* (3) *Power of circuit judge in vacation.* (4) *When court commissioner may fix bail.* (5) *Effect of attachment by commissioner without authority; judgment void when process void.* (6) *Waiver of objection to jurisdiction.* (7) *Court cannot confer on commissioner jurisdiction not given by law.*

INJUNCTIONAL ORDER IN EJECTMENT. (8) *Abuse of process.*

1. A proceeding to punish for contempt is a special proceeding, *criminal* in its character, in which the state is the real plaintiff or prosecutor; and where the proceeding is against one of the parties to a civil action, for some misconduct or disobedience therein, it should not be entitled as of such action.

2. Court commissioners have no power to issue attachments for contempt except in those cases (as in proceedings supplementary to execution) where the power is *expressly* conferred upon them by statute.

3. Whether the circuit judge in vacation has any general power to issue attachments against the person, to punish for contempt or enforce obedience to orders, is not here decided.

4. In cases where attachments may issue without the special order of the court, the commissioner may fix the *amount of bail* to be given by the party attached (Tay. Stats., 1739, §§ 6, 8, 11); but this was not such a case.

5. A court commissioner, in a case where he had no statutory authority to do so, issued an attachment against the defendants as for a contempt, returnable to the circuit court; and defendants were arrested thereon, and gave bail for their appearance at the circuit court to answer for such alleged contempt. After a hearing, the court adjudged them in contempt, and imposed a fine. *Held,* that as the process by which defendants were brought into court was void, the proceedings there were *coram non judice,* and the order must be reversed.

6. Defendants, by litigating the question of contempt in the circuit court, *did not waive* the objection to the jurisdiction of the commissioner. Want of jurisdiction of the *subject matter* cannot be waived.

7. The court cannot confer upon a commissioner powers not given by law; and the facts that the court, in this case, by the terms of a previous order, had authorized, and that it afterwards affirmed, the action of the commissioner, do not affect the question of his jurisdiction

Haight vs. Lucia and another.

8. In ejectment for land, the principal value of which consisted in the pine timber standing thereon, plaintiff, after obtaining an injunctional order against defendants, to prevent waste, went upon the land the next day with a force of employees, and felled a large quantity of timber for the purpose of removing the same. *Held*, that this was an *abuse of the process* of the court, and the court would have been justified, upon an application therefor by defendants, in *revoking* the injunctional order.

APPEAL from the Circuit Court for *Brown* County.

Appeal from an order or judgment convicting the defendants of a contempt of court, and imposing upon each a fine of fifty dollars, and one-half of the costs of the proceedings.

The plaintiff commenced an action in the circuit court against the defendants to recover eighty acres of land, the principal value of which consisted of the pine timber standing upon it. The next day he procured an injunction order restraining defendants from committing waste on the land. Immediately after the order was served on defendants, plaintiff went upon the premises with a number of men, and cut down a large quantity of timber. Defendants thereupon procured an order restraining plaintiff from further interfering with the premises during the pendency of the action. The court subsequently modified the last order so as to make it simply an injunction against waste, thus leaving the parties to their legal remedies as to the timber which had been felled by the plaintiff. Defendants then commenced to haul off such down timber; whereupon plaintiff procured from a court commissioner an order upon them to show cause, containing a temporary injunction restraining them from so doing. Defendants disregarded and disobeyed the mandate of the commissioner. The latter then issued an order to them to show cause before him why they should not be punished for their misconduct. On motion, the court vacated the injunction order granted by the commissioner, but expressly left him at liberty to proceed in the matter of the alleged disobedience of the order, by the defendants, while it was in force.

The commissioner thereupon renewed the order on the defendants to show cause why they should not be punished for the cause stated. Defendants disregarded this order also; and the commissioner issued, or caused to be issued, under the seal of the court, an attachment against them returnable before the court, by virtue of which they were arrested and held to bail for their appearance at the circuit court to answer for their alleged contempt. On the return of the attachment, proceedings were had in the matter, which resulted in the order first above mentioned; from which the defendants appealed.

*L. J. Billings*, for appellants:

1. The circuit court had, after two full arguments, refused to restrain either party from removing the down timber, and that question became then *res adjudicata*, and could be raised again only upon appeal. 2. The powers of a court commissioner are derived from statute, and must be limited thereby. Const. of Wis., art. VII, sec. 23. His power to entertain proceedings for contempt is denied by this court in *Geisse v. Beall*, 5 Wis., 224, and *In re Remington*, 7 id., 643. The statute then in force (R. S., ch. 13, sec. 94, being R. S. 1849, ch. 10, sec. 75, as amended by sec. 1, ch. 53, Laws of 1850), was broad and unqualified. Ch. 358, Laws of 1862, limited the exercise of his powers to proceedings in *civil actions*. By ch. 44, Laws of 1860, passed after the above decisions, court commissioners were given the authority there denied, which was, to punish by proceeding for contempt a disobedience of their orders in *proceedings supplementary to execution*. There is no authority for the exercise by court commissioners of the jurisdiction assumed in the case at bar. 3. The writ of attachment is void, both for want of jurisdiction and because the papers and affidavits upon which it was founded were not served upon the defendants. Tay. Stats., ch. 149, §§ 3, 5; *People v. Murphy*, 1 Daly, 462; *Denning v. Corwin*, 11 Wend., 647; 4 How. Pr., 369; *Ward v. Arenson*, 10 Bosw., 589. 4. The order or judgment of the circuit court was void because it had never obtained jurisdic-

tion of the person of the appellants (*In re Smithurst*, 4 How. Pr., 369 ; *Bigelow v. Stearns*, 19 Johns., 39), and appellants did not waive the defect by giving bond.   Tay. Stats., ch. 149, §§ 13–15 ; *Avery v. Stack*, 17 Wend., 85 ; *Orton v. Noonan*, 3 Wis., 220–224.   5. Said order does not recite the substance of the alleged misconduct ; nor does the court find that it did impede the remedies of the respondent.   Tay. Stats., ch. 149, § 1 ; *Albany City Bank v. Schermerhorn*, 9 Paige, 373.

*Neville, Tracy & Neville*, for respondent, as to the power of the court commissioner to issue the attachment, cited *In re Gill*, 20 Wis., 686, and argued, further that it was issued by direct authority of the circuit judge, and attested by the seal of the circuit court, and was therefore valid.   2. They also contended that it was unnecessary to serve with the injunctional order the affidavits, etc., on which it was founded, as they had already been served with a previous order (1 How. Pr., 65 ; 14 id., 70 ; 20 id., 454 ; 15 Abb. Pr., 314); and that, at all events, appellants had waived the irregularity by giving bond, and by appearing to contest the motion.   28 N. Y., 318 ; 10 Wis., 95 ; 7 How.  Pr., 38 ; 9 id., 237 ; 25 id., 190 ; 34 id., 357, 363, 377 ; 1 Abb. Pr., 248 ; 16 id., 83 ; 40 Barb., 254 ; 10 Wis., 95 ; 18 id., 522, 606 ; 16 id., 222 ; 17 Wend., 85 ; 21 id., 457 ; 24 id., 113 ; 4 Paige, 360, 405 ; 9 id., 376.

*L. J. Billings*, for appellants, in reply, contended that all the acts of the defendants in the circuit court had been done in obedience to *orders* of the court, and under protest, and could not be construed as a waiver of any irregularities or want of jurisdiction (17 Wend., 85 ; *Pfeil v. Kemper*, 3 Wis., 318 ; 16 id., 220 ; *Gates v. Ward*, 17 Barb., 424) ; that the respondent had attempted to use the process of the court to the injury of appellants, and had no standing in court upon the merits ; and that the court could not, by its order, confer upon the commissioner any further authority than he was before entitled to exercise by statute.

Haight vs. Lucia and another.

LYON, J.   After careful consideration, we have reached the conclusion that a court commissioner has no power to issue an attachment against the person in a case like the one before us. Certainly this power is not *expressly* conferred upon those officers by any statute of this state.   But the power is claimed to exist by virtue of the statutory provision, conferring upon court commissioners the authority, within their respective counties, of a judge of the circuit court at chambers, in civil actions. Tay. Stats., 318, § 127.   We will not now decide whether, in a case like this, the circuit judge may award an attachment in vacation.   In *In re Gill*, 20 Wis., 686, Chief Justice DIXON remanded a petitioner brought before him on *habeas corpus*, who had been committed by a circuit judge for nonpayment of an allowance to his wife in a divorce suit.   The order for the allowance was made by a county judge.   The question chiefly considered was, whether the county judge had power to make the allowance, and to order the husband to pay it, and the chief justice held that he had.   The power of the circuit judge to order the petitioner into custody for noncompliance with such order, does not seem to have been denied or considered. But had the authority of the circuit judge to attach the person of the petitioner been expressly affirmed in that case, that fact would not necessarily establish the power of the commissioner, in the present case, to attach the defendants.   Notwithstanding the general provision of law giving to court commissioners the powers of a circuit judge at chambers in civil actions, the case *In re Remington*, 7 Wis., 643, is authority that many things may lawfully be done by the judge at chambers which a commissioner has no power to do ; and it was there expressly held that a commissioner has no power to punish for contempt, unless it be clearly conferred upon him by law.   In that case, the alleged contempt was committed in the progress of proceedings supplementary to execution ; and subsequently the legislature conferred upon court commissioners the powers there denied them. Laws of 1860, ch. 44 (Tay. Stats., 1564, §§ 100 to 113).   . . .

In *Geisse v. Beall,* 5 Wis., 229, the court says that "an attachment for contempt should be issued or withheld, sustained, modified or set aside, by the direct order of the court."

The fundamental principle which underlies these decisions, and which must control our decision of this appeal, is, that the power to order the arrest of a citizen in a given case cannot be upheld upon mere inferences or implications, but must be expressly conferred by law, or it does not exist. The statute first above cited (Tay. Stats., 318), gives authority to court commissioners to issue attachments to compel the attendance of witnesses before them, and, as already stated, another statute confers upon them power to punish for disobedience to orders in supplementary proceedings; but we fail to find any statute which confers upon them authority to order the arrest of persons charged with any other contempt.

But there is another fatal objection to the jurisdiction of a court commissioner in cases like this. The statute only confers upon him the powers of a circuit judge at chambers *in civil actions.* Now, although the alleged misconduct of the defendants occurred in the progress of a civil action, the proceeding to punish them for such misconduct is no part of the process in the civil action, but is in the nature of a criminal prosecution. Its purpose is not to indemnify the plaintiff for any damages he may have sustained by reason of such misconduct, but to vindicate the authority and dignity of the court. It is a special proceeding, criminal in character, in which the state is the real plaintiff or prosecutor; and it is wrongly entitled in the civil action out of which it arose.

There are cases in which an attachment may be issued without the special order of the court; and in those cases a commissioner may fix the amount of bail to be given by the party against whom the process goes (Tay. Stats., 1739, §§ 6, 8, 11); but this is not one of those cases.

The want of power in the commissioner to order the arrest of the defendants is recognized in *Lee v. Dunlop,* 15 Wis.,

387, and the reasons for withholding that power from those officers are well stated by Justice COLE in *In re Remington*, *supra*. But further discussion of the subject is unnecessary. We hold that the commissioner had no jurisdiction to issue the attachment for the arrest of the defendants. He should have made report of their default and misconduct to the court; and the court alone, in the exercise of its original jurisdiction, has power to cause them to be arrested, and to punish them therefor.

The order appealed from is based upon the process issued by the commissioner, by virtue of which the defendants were arrested and brought into court. The process being void, such order, and all the proceedings in the matter of the alleged contempt, are necessarily *coram non judice*. It is not a sufficient answer to this to say that the court authorized and affirmed the acts of the commissioner, or that, by litigating the matter in the circuit court, the defendants waived the objection to the jurisdiction of the commissioner. The court cannot confer powers upon a commissioner not given by law; and want of jurisdiction of the subject matter cannot be waived. It seems inevitable that the order appealed from must be reversed.

Before leaving the case we deem it our duty to refer to the fact, which appears in the record, that immediately after he had obtained an injunction which, in effect, restrained the defendants from cutting timber on the premises in controversy (each party claiming to be the owner of such premises and timber), the plaintiff, with a number of employees, entered upon the premises and felled a large quantity of the timber threon. At that time, neither party had established a right thereto. In that respect they were on equal ground. If there were valid reasons for restraining the defendants from cutting the timber, it was proper, for the same reasons, to restrain the plaintiff also from doing the same act. Evidently the spirit of the injunction was to preserve the property in controversy, so that the prevailing party might have it unim-

paired.    The plaintiff invoked the extraordinary powers of the court to accomplish that purpose, and then, in entire disregard of the spirit and object of the injunctional order which he had obtained, attempted to seize and appropriate to his own use the most valuable portion of the property in controversy, before his right thereto had been adjudicated.    This was a gross abuse by the plaintiff of the process of the court, which, to say the least, should have been severely censured by the court.    Had an ap-plication therefor been made, the court would have been justi-fied had it dissolved the injunction, and refused further to ex-ercise its discretionary powers for the protection of the plaint-iff.    Courts should see to it that their process be not used as instruments of wrong and oppression.

*By the Court.*—Order reversed.