John SOMMER, Plaintiff

v.

Patrick J. CARR, American Standard Insurance Company of Wisconsin, The American Insurance Company, Defendants,

Prudential Property and Casualty Insurance Company, Defendant and Third-Party Plaintiff-Respondent,

Sentry Insurance Company, Third-Party Defendant-Appellant.†

Court of Appeals

No. 79–832. Submitted on briefs February 13, 1980.—
Decided March 21, 1980.
(Also reported in 291 N.W.2d 301.)

For the appellant, the cause was submitted on the briefs of *Cook & Franke, S.C.* and *Robert F. Johnson,* of counsel, of Milwaukee.

† Petition to review granted.

For the defendants and third-party plaintiff-respondent, the cause was submitted on the brief of *deVries, Vlasak & Schallert, S.C.* and *Arthur J. Vlasak* and *Victor C. Harding* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

DECKER, C.J. Sentry Insurance Company seeks costs and reasonable attorney fees from Prudential Property and Casualty Insurance Company, pursuant to sec. 814.025, Stats., because Prudential pursued a third-party action against Sentry after Sentry provided Prudential with all the materials necessary to demonstrate that the action was frivolous. Sentry subsequently defeated the action, using those same materials. We find that Prudential's action was frivolous and reverse the trial court's denial of costs and reasonable attorneys fees.

On February 8, 1976, an Oldsmobile driven by Patrick Carr collided with a Triumph driven by Bernadine Schaffer. John Sommer was a passenger in the Triumph. The Triumph was owned by Sommer and was being driven at the time of the accident by Schaffer with Sommer's permission.

Sommer commenced an action against Prudential, among others, on the basis of a policy of liability insurance issued by Prudential to one Edward Reski in which Prudential agreed to indemnify Bernadine Schaffer against liability arising out of her negligence in the operation of automobiles. On November 9, 1978, Prudential commenced a third-party action against Sentry on the basis of Sentry's policy of automobile liability insurance, in effect at the time of the accident, issued to Bernadine Schaffer, d/b/a Bernie's, Ltd.

Sentry answered on December 20, 1978, and on February 16, 1979, filed motions for summary judgment (sec. 802.08, Stats.) and for its costs, disbursements, and rea-

sonable attorneys fees (sec. 814.025). By order dated April 2, 1979, Sentry's motion for summary judgment dismissing Prudential's third-party complaint was granted with costs and disbursements as provided under sec. 814.04. The court denied the relief requested pursuant to sec. 814.025 and judgment was entered on April 20, 1979.

Secs. 814.025(1) and (3) provide:

(1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.
. . . .

(3) In order to find an action, special proceeding, counterclaim, defense or crosscomplaint to be frivolous under sub. (1), the court must find one or more of the following: . . . .

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

By not allowing costs pursuant to sec. 814.025, Stats., the trial court impliedly found that the respondent's third-party claim was not frivolous. Findings of fact by the trial court will be upset on appeal only if they are against the great weight and clear preponderance of the evidence.[1]

---

[1] *Bank of Sun Prairie v. Opstein,* 86 Wis.2d 669, 676, 273 N.W. 2d 279, 282 (1979). *See also Guardianship & Protective Placement of Shaw,* 87 Wis.2d 503, 518, 275 N.W.2d 143, 151 (1979); *Perrenoud v. Perrenoud,* 82 Wis.2d 36, 42–43, 260 N.W.2d 658, 661 (1978).

The great weight and clear preponderance of the evidence requires a finding that Prudential's claim was frivolous because Prudential or its attorney should have known, on the basis of the information provided by Sentry, that the cross-complaint was "without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." Sec. 814.025(3)(b), Stats. The policy provisions of the Sentry policy are clear and unambiguous, and as applied to the undisputed facts of the case, do not support a reasonable basis for recovery.

The respondent contends that this court must find an abuse of discretion before reversing the trial court. We disagree. Sec. 814.025(1), Stats., declares that if an action is frivolous, the court "shall award" costs and fees. Use of the word "shall" creates a presumption that the statute is mandatory. *Karow v. Milwaukee County Civil Service Commission*, 82 Wis.2d 565, 570, 263 N.W.2d 214, 217 (1978). The presumption is strengthened where the legislature uses "may" in the same or related statutory sections. Such use demonstrates recognition of the differences in the meanings of the two words and implies purposeful use of each. *Id.* at 571, 263 N.W.2d at 217. In sec. 814.025(2), the legislature provides that costs and fees "may" be assessed to either the party or attorney, thereby recognizing the trial court's discretion in assessment of fees. In sec. 814.02(2), the legislature provides that in equitable actions and special proceedings, costs "may" be assessed among the parties and attorneys "in the discretion of the court . . . ." The court's discretion is also recognized in secs. 814.035(2) and 814.03(2). The language of these sections instructs that the legislature knows how to grant discretion where it desires to do so in the area of costs, and that the use of the word "shall" in sec. 814.025(1) was purposeful. We note that sec. 814.025(1) does grant the trial court discretion in determining the amount of "reasonable" attorneys fees. Nonetheless, this court may apply a *de novo* standard of review of that discretion because of our firsthand knowledge of the value of legal services. *Estate of Tierney*, 70 Wis.2d 438, 443, 234 N.W.2d 357, 359 (1975).

Relevant portions of the basic coverage and endorsement provisions[2] clearly and unambiguously do not pro-

[2] I. COVERAGE C—BODILY INJURY LIABILITY

COVERAGE D—PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage C. bodily injury or
Coverage D. property damage

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an owned automobile or of a temporary substitute automobile . . . .

. . . .

II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured;

(b) any partner or executive officer thereof, but with respect to a temporary substitute automobile only while such automobile is being used in the business of the named insured;

(c) any other person while using an owned automobile or a temporary substitute automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, . . .

. . . .

None of the following is an insured:

. . . .

(ii) except as stated under (b) above, the owner of a temporary substitute automobile, or an agent or employee of such owner;

. . . .

V. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

. . . .

"owned automobile" means either:

(a) an automobile which is owned by the named insured and described in the declarations, or

vide coverage for Schaffer with respect to the car she was driving at the time of the accident. It is undisputed

(b) an automobile ownership of which is newly acquired by the named insured during the policy period, provided

(i) it replaces an owned automobile as defined in (a) above, or

(ii) the company insures all automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days thereafter of his election to make this and no other policy issued by the company applicable to such automobile and pays any additional premium required therefor;

. . . .

"temporary substitute automobile" means an automobile not owned by the named insured or any resident of the same household, while temporarily used with the permission of the owner as a substitute for an owned automobile when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction;

. . . .

EMPLOYERS' NON-OWNERSHIP LIABILITY

THIS ENDORSEMENT MODIFIES SUCH INSURANCE AS IS AFFORDED BY THE PROVISIONS OF THE POLICY RELATING TO BASIC AUTOMOBILE LIABILITY INSURANCE.

It is agreed that the insurance with respect to owned automobiles applies with respect to non-owned automobiles, subject to the following provisions:

1. *Application of Insurance.* The insurance afforded by this endorsement applies only to the use, including loading and unloading, in the business of the named insured of:

(a) any non-owned automobile which is a private passenger automobile by any person other than the named insured, and

(b) any non-owned automobile of the commercial or truck type by any employee of the named insured, if such use of such automobile is occasional and infrequent.

. . . .

2. *Additional Definition*

The additional definitions applicable to Automobile Liability Insurance also apply to the insurance afforded by this endorsement; and when used in reference to this insurance (including this and other endorsements forming a part of the policy):

"non-owned automobile" means an automobile not owned by, registered in the name of, hired by (or used under contract in

that the car Schaffer was operating at the time of the accident was owned by John Sommer, and that Sommer and Schaffer were using the car on a social occasion at the time of the accident. Copies of the basic coverage portion of the policy and the endorsement were supplied to counsel for respondent by a branch claims manager of Sentry in late June of 1978. Respondent does not deny knowledge of the facts of ownership of the car or its use for the social occasion prior to its filing of the third-party complaint on November 9, 1978.

Sommer's vehicle clearly was not an "owned automobile" within the meaning of sec. V of the basic policy because Schaffer did not own it; was not a "temporary substitute automobile" within sec. V of the basic policy because Schaffer and Sommer were using the car for a social occasion and not as a substitute for a broken-down vehicle; and was not a "non-owned automobile" within sec. 2 of the endorsement because it was not being used in the business of the insured.

The respondent contends that "Sentry must cover the liability of Bernadine Schaffer (its named insured)

behalf of), or loaned to, the named insured; provided that, if the named insured is a partnership, such automobile is not owned by or registered in the name of a partner thereof.

. . . .

4. *Persons Insured.* The "Persons Insured" provision applies to the insurance afforded by this endorsement, except that

(a) in paragraph (b) thereof the words "a temporary substitute automobile" are amended to read "a temporary substitute automobile or a non-owned automobile";

(b) paragraph (c), and the reference thereto in paragraph (d), of such provision do not apply with respect to a non-owned automobile;

(c) the sentence in such provision beginning "None of the following is an insured:" is amended so as additionally to provide that, with respect to a non-owned automobile, none of the following is an insured:

(i) the owner of such automobile nor any agent or employee of such owner, . . .

while operating the Sommer's vehicle" because Sommer's vehicle is "a non-owned automobile for the purpose of 'this insurance,' which term includes the coverage provided by the basic policy," as well as the non-ownership endorsement and other endorsements forming a part of the policy. The respondent continues that because the definition of "non-owned automobile" does not state a limitation as to business use, the basic policy may be interpreted to provide that Schaffer is covered when using a non-owned vehicle for personal pleasure.

The clear language of the endorsement does not support such a construction. Section 1 of the endorsement, labelled "Application of Insurance" clearly restricts insurance afforded by the endorsement to non-owned automobiles only as to "use . . . in the business of the named insured." The definition section of the endorsement cannot be read to expand coverage of the basic policy to all non-owned vehicles in the face of the clear meaning of the section. In addition, the endorsement clearly states that the insurance with respect to owned vehicles applies to non-owned automobiles "subject to" the provisions which follow. Both the language and context of secs. 1 and 2 make the expansive construction urged by the respondent untenable.

We remand to the trial court to determine the amount of reasonable attorneys fees.

*By the Court.*—Judgment and order reversed and cause remanded.