Dr. Robert G. HESSENIUS, Plaintiff-Respondent,

v.

Tommie SCHMIDT, Defendant-Appellant-Petitioner.

Supreme Court

*No. 79–981. Argued June 1, 1981.—Decided June 30, 1981.*

(Also reported in 307 N.W.2d 232.)

For the petitioner there was a brief (in this court) by *Williams & Yana* of Oshkosh, and oral argument by *Joseph V. Yana.*

For the respondent there was a brief (in court of appeals) by *Robert F. Jansen* of Oshkosh.

DAY, J. This is a review of an unpublished decision of the court of appeals dated May 27, 1980, affirming an order of the circuit court for Winnebago county: LEO W. MACK, court commissioner.

The primary question presented is whether the court commissioner in a small claims proceeding erred in dismissing the defendant's counterclaim alleging frivolous action and asking for costs and attorney's fees pursuant to sec. 814.025, Stats. 1977, without permitting the defendant to present testimony supporting his counter-

claim? We hold that the court commissioner lacked jurisdiction over the counterclaim and reverse the decision of the court of appeals which affirmed dismissal of the counterclaim. We remand the case to the circuit court.

This action commenced with the filing of a small claims complaint in the circuit court for Winnebago county. Under the small claims procedure in populous counties, sec. 799.207, Stats., the case was assigned to the court commissioner.[1] The complaint alleged that the defendant, Tommie Schmidt, was indebted to the plaintiff, Dr. Robert G. Hessenius, in the amount of eighty dollars for goods sold and delivered at the special instructions and request of the defendant. The goods involved were a pair of eyeglasses prescribed by Dr. Hessenius and delivered to defendant's sister.

The defendant's answer denied the indebtedness, denied giving special instructions or requesting any goods or services from the plaintiff and denied receipt of any goods or services. By way of a counterclaim, the defendant alleged the plaintiff's suit was frivolous, demanded dismissal of the complaint, and sought costs and attorney's fees as provided in sec. 814.025, Stats.[2]

[1] See also sec. 757.68(1)(b), Stats., providing for the appointment of court commissioners in populous counties to assist in the administration of small claims actions.

[2] "814.025. **Costs upon frivolous claims and counterclaims.** (1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous *by the court,* the *court* shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

"(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

Replying to the counterclaim, the plaintiff denied that his action was frivolous and alleged that the defendant's sister had advised him that she was ordering the eyeglasses "at the insistence [sic] and suggestions of the defendant."

The case went to trial before Commissioner Mack on May 17, 1979. Prior to trial, the defendant filed a brief in which he contended that the Statute of Frauds barred any claim against the defendant and that the complaint was without a reasonable basis in law or equity.

When the case was called for trial, the plaintiff moved the court for voluntary dismissal of his claim. The commissioner granted the motion to dismiss. The counterclaim was also dismissed over the objection of the defendant's attorney who asked to call the defendant to testify. The court, without taking any evidence, found that the complaint was not frivolous.

The defendant then filed a notice of appeal from the dismissal of his counterclaim.[3] The court of appeals affirmed the commissioner's order stating that:

"The court views the statute [sec. 814.025] as granting a trial court the power to assess costs and attorney fees against a party or his attorney for pursuit of a frivolous claim. The statute does not direct a trial court to so find in any given situation. That this court or any other

"(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the *court* must find one or more of the following:

"(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

"(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." (Emphasis added.)

[3] The commissioner's decision was appealable to the court of appeals under sec. 799.30, Stats.

may have found plaintiff's cause of action to be frivolous is of no consequence. The statutorily granted authority to find a claim frivolous does not impose a duty to make such a finding. Defendant's interpretation of sec. 814.-025, Stats., would impose just such a duty under the present facts. This court does not think such a result was intended by the legislature.

"Plaintiff voluntarily dismissed his own claim prior to trial. Hence, this court is unable to determine if the claim would have ultimately proven to be frivolous. The trial court's determination, therefore, is not contradicted by the record. It is not the function of this court to inquire further."

At the time of the court of appeals decision, the case of *Sommer v. Carr*, 99 Wis.2d 789, 299 N.W.2d 856 (1981), was pending in this court. In that case, this court reviewed a decision of the court of appeals, *Sommer v. Carr*, 95 Wis.2d 651, 291 N.W.2d 301 (Ct. App. 1980), reversing a trial court's denial of relief under sec. 814.025, Stats. The court of appeals, reviewing the trial court's implied finding that the claim was not frivolous, held that the claim was "without any reasonable basis in law or equity and could not be supported by a good-faith argument for an extension, modification or reversal of existing law." Sec. 814.025(3)(b). The court of appeals remanded the case to the trial court to determine the amount of reasonable attorney's fees.

On review, this court reversed the court of appeals' decision, stating that sec. 814.025, Stats.:

". . . does not allow the trial judge to conclude frivolousness or lack of it without findings stating which statutory criteria were present, harassment or knowledge or imputed knowledge that there was not 'any reasonable basis in law or equity' for the position taken. . . .

"Attitudes such as bad faith, harassment, maliciousness solely for injuring another do not appear in this record unless the trial judge finds them present. If he had done so or denied their presence by findings, then the court of appeals would have been able to review them.

"Knowledge or imputed knowledge of the lack of any reasonable basis in law or equity for the stated position or proposition must be found present or lacking by the trial judge before there is a finding to review on appeal.

"If there is not enough in the record for the trial judge to make such findings leading to a conclusion of frivolousness or its absence, then the trial court must conduct a hearing for the purpose of reaching such findings and resulting conclusion." *Sommer v. Carr*, 99 Wis.2d at 792–793.

This court remanded the case to the trial court to make findings of fact and a determination on the claim.

The commissioner, in the instant case, did make a determination that Dr. Hessenius' claim was not frivolous. But that finding was without an adequate evidentiary basis. Because the defendant's request to present testimony was denied, the commissioner's determination rested solely on the pleadings.

Under this court's holding in *Sommer*, the defendant was entitled to a hearing to establish the facts relevant to the claim that plaintiff's action was frivolous. That determination depends on "the objective standard of what would a reasonable attorney have done under the same or similar circumstances." *Sommer v. Carr, supra,* 99 Wis.2d at 797.

Where no such opportunity for a hearing is provided, the appropriate disposition on appeal is to remand to the trial court. This case, however, was tried before a court commissioner in a small claims action. This court, in granting review, ordered the parties to brief the issues of the applicability of sec. 814.025, Stats., to small claims procedure and of the authority of a court commissioner to impose costs and attorney's fees under that statute.

Sec. 799.01(1), Stats., generally provides for small claims courts procedure in civil actions where an amount not more than $1,000 is claimed.

Sec. 799.04(1) provides that:

"799.04. **Relation of this chapter to other procedural rules.** (1) GENERAL. Except as otherwise provided in this chapter, the general rules of practice and procedure in chs. 750 to 758 and 801 to 847 shall apply to actions and proceedings under this chapter."

In this case the defendant argued for attorney's fees of one hundred dollars. Under the above-cited statutes, this sec. 814.025 claim could properly be brought under small claims procedure. But the applicability of that procedure does not resolve the question of a court commissioner's authority to grant the relief sought by the counterclaim.

Sec. 799.25, Stats., authorizes clerks of court to insert, in small claims judgments, certain costs in favor of the prevailing party. Subs. (13) thereof provides that the "court" may permit taxing additional costs and disbursements under chapter 814.

For purposes of chapter 799, "court" is defined in sec. 799.03, Stats., which provides:

"799.03. **Intent.** Sections 799.01 and 799.02 are procedural and not jurisdictional. In this chapter unless otherwise designated 'court' means circuit court and 'court' does not mean court commissioner."

Although that definition is not specifically applicable to ch. 814, sec. 814.025(1), states a "court" may determine frivolousness and assess appropriate attorney's fees and costs. Because that determination may only be made by a "court," the question is: May a court commissioner make determinations and assessments under sec. 814.025?

In *Haight v. Lucia*, 36 Wis. 355 (1874), this court considered the power of a court commissioner, under then prevailing statutes, to issue an attachment against the person. The court in *Haight* ruled that the authority of

a court commissioner "to order the arrest of a citizen in a given case cannot be upheld upon mere inferences or implications, but must be expressly conferred by law, or it does not exist." *Haight, supra,* 36 Wis. 360. In *State ex rel. Perry v. Wolke,* 71 Wis.2d 100, 103–104, 237 N.W. 2d 678 (1976), the court declined to rigidly apply that rule and recognized that a general statutory authorization may be sufficient to confer upon a judicial court commissioner the power to conduct certain hearings. But the court considered the specific statute defining preliminary examinations dispositive of any ambiguity in the general statutory ground of authority. That statute provides:

"970.03. **Preliminary examination.** (1) A preliminary examination is a hearing before a court for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant."

Applying that definition, the court concluded that:

"A judicial court commissioner, hearing assigned matters, does not constitute a court, and the legislature, having in mind the uninterrupted uniform interpretation of the word, 'court,' which reaches back in our history for well over a hundred years, could not have intended, without expressly saying so, to include a judicial court commissioner under the general rubric of 'court.'

"We accordingly conclude that the statutes do not authorize a judicial court commissioner to conduct a preliminary examination in a felony case." *Perry, supra,* 71 Wis.2d at 106.

Although *Perry* involved the authority of a judicial court commissioner, the conclusion that a court commissioner is not a "court" is equally applicable here.

The legislature has chosen to provide court commissioner's with certain powers. But under secs. 799.25 (13) and 814.025(1), the power to determine whether a claim or defense is frivolous and the power to assess

costs and reasonable attorney's fees is held only by courts.

Because only a *court* is empowered to find frivolousness or assess costs and reasonable attorney's fees, the court commissioner lacked jurisdiction over the subject matter of defendant's claim.

Jurisdiction over the subject matter cannot be conferred by the consent of the parties. Sec. 801.04, Stats. Nor can a judgment entered without jurisdiction be validated by ratification, waiver or estoppel. *Kohler Co. v. ILHR,* 81 Wis.2d 11, 25, 259 N.W.2d 695 (1977). Because the court commissioner lacked subject matter jurisdiction over the claim under sec. 814.025, that part of the order finding plaintiff's claim to be nonfrivolous is void.

Under sec. 757.69(5), Stats., a court commissioner may transfer any matter to the court when justice would be better served by such a transfer. We hold where a claim made before a court commissioner exceeds his jurisdiction, he must transfer the case to the circuit court.

Because the defendant is entitled to a hearing to establish this claim for "frivolousness," we remand the case to the circuit court for Winnebago county to conduct a hearing and determine the defendant's counterclaim under the procedures for small claims.

*By the Court.*—The decision of the court of appeals is reversed. The order of the court commissioner dismissing defendant's counterclaim is vacated and the cause remanded to the circuit court for Winnebago county for further proceedings not inconsistent with this opinion.