STATE of Wisconsin, Plaintiff-Respondent,

v.

Keith E. LONEY, Defendant-Appellant.†

Court of Appeals

*No. 82–701–CR. Submitted on briefs November 10, 1982.—
Decided December 7, 1982.*
(Also reported in 328 N.W.2d 872.)

For the defendant-appellant the cause was submitted on the briefs of *W.A. Kirkpatrick* and *Hale, Skemp, Hanson & Skemp* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Defendant has appealed the judgment convicting him of possession of a controlled sub-

---

† Petition to review denied.

stance with intent to deliver, contrary to secs. 161.41 (1m) and 939.05 (2) (b) and (c), Stats. He seeks review of an order denying his motion to suppress evidence, after which he pleaded guilty. The order is reviewable on appeal from the judgment. Sec. 971.31 (10), Stats. We hold that the evidence should have been suppressed.

Defendant moved to suppress evidence obtained on a warrant to search his home. The warrant was issued by a court commissioner. Defendant contended that the commissioner lacked authority under his appointment to issue the warrant. He argued that the appointment order failed to satisfy the requirements of sec. 757.69 (1), Stats. The order is set forth in the footnotes.[1] The trial court concluded that the commissioner was authorized to issue the warrant.

Section 757.68 (2), Stats., provides in relevant part:

In each county the circuit judges shall appoint such number of part-time court commissioners as the proper transaction of business requires subject to the following exception: . . . in counties having a population of less than 200,000 each judge shall, as nearly as possible, appoint an equal number of commissioners within the county. In all counties the appointments shall be subject to the approval of a majority of the circuit judges for the

---

[1] The order provides:

I, Michael Kirchman, duly elected and qualified Circuit Judge for Crawford County, Wisconsin, do hereby appoint ELMER D. QUERAM as Court Commissioner for the Circuit Court of Crawford County, Wisconsin, in accordance with the provision of Sec. 757.68 Wisconsin Statutes.

Dated this 27th day of May, 1980, at the City of Prairie du Chien, Wisconsin.

BY THE COURT:
/s/ Michael Kirchman
Circuit Judge

Approved this 2 day of June, 1980.
/s/ Albert Twesme
Chief Judge
7th Judicial Administrative District

county. Appointments shall be in writing and shall be filed in the office of the clerk of the circuit court. . . .

Section 757.69(1), Stats., provides that "[o]n authority delegated by a judge, which may be by a standard order, and with the approval of the chief judge of the judicial administrative district, a court commissioner appointed under s. 757.68 may" perform certain enumerated functions, including issuance of a search warrant in a criminal matter under subsec. (1) (b).[2]

The trial court held that the order appointing the commissioner embraced all the powers found in sec. 757.69 (1), Stats., including the power to issue search warrants. The court believed that to read the order any other way would make it a nullity. The court therefore concluded that the commissioner was authorized to issue search warrants and that the warrant in question was not defective. We disagree with the court's reasoning.

An order appointing a commissioner is not made a nullity by its failure to confer the powers found in sec. 757.69(1), Stats. Section 757.69(3) provides that court commissioners appointed under sec. 757.68 "may under their own authority" perform specified judicial functions,

---

[2] The powers delegable to commissioners under sec. 757.69(1), Stats., are too lengthy to be quoted, but include the power to issue summonses, arrest warrants or search warrants, conduct initial appearances and set bail in criminal matters; conduct initial appearances in traffic cases; receive noncontested forfeiture pleas, impose penalties according to schedule in traffic cases; conduct initial returns and conciliation conferences in small claims actions; conduct noncontested probate proceedings; issue warrants and capiases for noncompliance with summonses; issue summonses and warrants, order release or detention, conduct detention and shelter care hearings, conduct preliminary appearances and enter consent decrees in juvenile matters; hear commitment petitions and conduct probable cause hearings under secs. 51.20 and 51.45, Stats., and advise persons alleged to be mentally ill of their constitutional rights.

such as officiating at marriages, issuing subpoenas, etc.[3] The power to perform those specified functions is, accordingly, automatically conferred on a commissioner appointed under sec. 757.68.

Subsection (1) of sec. 757.69, Stats., which pertains to the issuance of warrants and other judicial functions, does not authorize court commissioners to perform judicial functions "under their *own* authority," as does subsec. (3). Subsection (1) authorizes the performance of specified functions "[o]n authority *delegated by a judge* . . . and with the approval of the chief judge of the judicial administrative district. . . ." The juxtaposition of "own" authority and "delegated" authority in the same statute pertaining to the powers of commissioners creates a significant distinction between automatically conferred powers and powers specially conferred through delegation. We conclude that the power to perform the specific functions listed in sec. 757.69 (3) (a) – (i) is automatically conferred by an appointment under sec. 757.68, but that the power to perform the specific functions listed in sec. 757.69 (1) (a) – (h), including the power to issue warrants, must be conferred by express delegation.

The appointing order refers only to sec. 757.68, Stats. It does not purport to delegate the power to issue search warrants. It makes no reference to subsec. (1) of sec. 757.69. The approval of the chief judge appended to the order adds nothing because the order delegates nothing.

[3] The powers of commissioners "under their own authority" under sec. 757.69 (3), Stats., include the power to officiate at a marriage ceremony; issue subpoenas and attachments or other process to compel attendance of witnesses, administer oaths and affidavits, and take, certify and report depositions and testimony; issue writs of habeas corpus, certiorari, ne exeat and alternative writs of mandamus; supervise certain accountings; investigate and dispose of unclaimed property; conduct paternity proceedings when specifically authorized by statute; and conduct supplementary hearings on the financial status of a debtor.

Because the order appointing the commissioner fails to delegate authority to issue warrants, specifically or by a general reference to sec. 757.69(1) powers, and because a court commissioner appointed under sec. 757.68 is not automatically authorized to issue search warrants, the challenged warrant is defective.

The state argues that when issuing the warrant, the commissioner acted as a de facto judicial officer. The state asserts that the commissioner's title to his office can be questioned only in a direct proceeding to oust him, citing *Cole v. The President and Trustees of the Village of Black River Falls*, 57 Wis. 110, 113–14, 14 N.W. 906, 907–08 (1883), and that the warrant issued by the commissioner is therefore valid.

The commissioner is a de jure officer. His right to hold the office of commissioner is not an issue. The sole question is whether, in his office as a court commissioner, he possesses authority to issue a search warrant. He does not. The unauthorized actions of a court commissioner are at least voidable. *Hessenius v. Schmidt*, 102 Wis. 2d 697, 704, 307 N.W.2d 232, 236 (1981).

Because the trial court should have granted appellant's motion to suppress the evidence obtained from the execution of an invalid search warrant, the judgment of conviction must be vacated.

*By the Court.*—Order denying motion to suppress is reversed and judgment vacated.