STATE of Wisconsin, Plaintiff-Appellant,

v.

Gerard J. VERKUYLEN, Defendant-Respondent.

Court of Appeals

*No. 83–634–CR. Submitted on briefs May 7, 1984.—
Decided June 12, 1984.*
(Also reported in 352 N.W.2d 668.)

For the appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Robinson, Smith & Robinson* and *Ron Smith,* of Appleton.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   The state appeals the circuit court's order suppressing evidence obtained in executing a search warrant issued by a court commissioner. The court suppressed the evidence because the commissioner, due to a judicial oversight, had not been formally authorized to issue search warrants. *See* sec. 757.69(1) (b), Stats.[1]   Because we conclude that this oversight does not justify suppression of the evidence in this case, we reverse the order and remand this matter to the circuit court with directions to admit the evidence.

The state concedes that the commissioner's warrant was defective under *State v. Loney,* 110 Wis. 2d 256, 328 N.W.2d 872 (1982). *Loney* does not, however, hold that the court must suppress the evidence seized while executing the defective warrant.

The suppression of evidence is not a constitutional right. *Stone v. Powell,* 428 U.S. 465, 482 (1976). It is a judge-made requirement to deter unreasonable or bad-faith police conduct. *United States v. Williams,* 622 F.2d 830, 841–42, 847 (5th Cir. 1980). Its application must be considered in light of its effect of depriving the court or jury of relevant evidence, endangering society,

---

[1] Section 757.69(1) (b), Stats., provides in part:

On authority delegated by a judge, which may be by a standard order, and with the approval of the chief judge of the judicial administrative district, a court commissioner . . . may:

. . . .

(b) In criminal matters issue . . . search warrants . . . .

and allowing the guilty to go free. *Id.* at 842. Suppression is therefore required only upon a showing that evidence was obtained in violation of a constitutional right, *State v. Hochman,* 2 Wis. 2d 410, 419, 86 N.W.2d 446, 451 (1957), or when a statute specifically requires suppression of illegally obtained evidence, *see State ex rel. Arnold v. County Court,* 51 Wis. 2d 434, 187 N.W.2d 354 (1971).

In this case, no constitutional right was violated, and no statute requires suppression. The commissioner who issued the search warrant was neutral, and he acted upon probable cause. He had been issuing search warrants for years, and the circuit judges in the district knew and approved of him issuing warrants. The failure of a judge to formally authorize the commissioner to issue search warrants was nothing more than a judicial oversight, which has since been corrected. The oversight was not the fault of the police, and the police did not benefit from it. Under these circumstances, the court should not suppress the evidence. *See Williams,* 622 F.2d at 847.

*By the Court.*—Order reversed and cause remanded with directions.

CANE, J. (concurring) The sole purpose of the court-imposed exclusionary rule is to deter police misconduct that violates a person's constitutional rights. *Stone v. Powell,* 428 U.S. 465, 486 (1976) ; *State v. Hochman,* 2 Wis. 2d 410, 419, 86 N.W.2d 446, 451 (1957). To apply the exclusionary rule's sanction in this case would be to punish the police for doing exactly what the courts have urged them to do; namely, to apply for and obtain search warrants from the courts.

Here, the police and the district attorney went to a full-time court commissioner at the courthouse who

had been in office for eight years and, in addition to his other court duties, regularly issued search warrants. There is no claim that the court commissioner issued the search warrant without a clear showing of probable cause. Nor is there any claim that the police unreasonably executed the search warrant or conducted themselves improperly. Verkuylen's sole claim is that, because of a judicial oversight, the court commissioner was not formally delegated the power to issue search warrants and that therefore the evidence seized pursuant to the warrant must be excluded.

Courts and commentators have suggested that a more flexible approach should be taken before applying the exclusionary rule where police misconduct is absent. *See United States v. Williams*, 622 F2d 830, 847 (5th Cir. 1980), *cert denied*, 449 U.S. 1127 (1981). In *United States v. Carden*, 529 F.2d 443 (5th Cir. 1976), *cert denied*, 429 U.S. 848 (1976), the court refused to apply the exclusionary rule when an arrest and search were made, without police misconduct, under a statute later declared invalid. Because the exclusion would not deter any official misconduct, the exclusionary rule was not applied. Similarly, in *United States v. Janis*, 428 U.S. 433 (1976), the Supreme Court refused to exclude from a federal civil tax proceeding evidence that had been obtained by state police without any official misconduct and in reliance on a search warrant later found defective because of a defective affidavit. The Supreme Court reasoned that it would be improper to suppress the evidence since it would not deter police misconduct. In *United States v. Hill*, 500 F.2d 315, 322 (5th Cir. 1974), *cert denied*, 420 U.S. 931 (1975), the court admitted evidence obtained in a search although the warrant was technically improper. Again, the court reasoned that the police acted properly in going to a magistrate and seeking a warrant and, because it in-

volved a court procedural error, to apply the exclusionary rule would not serve its deterrent purposes.

Here, when the police go to the judicial branch and the mistake is solely because of an inadvertent judicial administrative oversight, there is no police misconduct. Suppressing the evidence in this case would not serve the exclusionary rule's purpose. When the reason for the judicially created rule ceases, its application must also cease.

Accordingly, I agree with the majority that under the circumstances of this case, Verkuylen's constituional rights have not been violated. There was no police misconduct, the exclusionary rule's purpose has not been violated, and therefore to apply the exclusionary rule would be an unreasonable, unnecessary, and inappropriate sanction.