Bristol, Respondent, vs. Eckhardt and another, Appellants.

*January 20—February 15, 1949.*

For the appellants there were briefs by *Wilkie, Toebaas, Hart, Kraege & Jackman,* attorneys, and *W. L. Jackman* and *Thomas W. Pierce* of counsel, all of Madison, and oral argument by *Mr. Jackman* and *Mr. Harold M. Wilkie.*

*David S. Novick,* attorney, and *Nicholas M. Margetis* of counsel, both of Madison, for the respondent.

WICKHEM, J.   Plaintiff's complaint alleges in substance that on October 29, 1947, defendants caused a warrant to be issued for the arrest of plaintiff charging violation of sec. 343.69 (b), Stats.   (This section makes it a misdemeanor for a mortgagor of personal property without the written consent of the mortgagee to remove the mortgaged property and to hinder or delay the mortgagee from repossessing it for a period of seventy-two hours after service of a written demand for its return.)

It is alleged that as a result plaintiff was arrested in Link county, Oregon, and incarcerated in the county jail for a period of about one week after which time he was released upon withdrawal of the complaint by defendant Eckhardt.   It is alleged that plaintiff had not violated the statute in any manner; that he had performed all the conditions of his contract with defendant, Eckhardt; that defendants at all times knew the whereabouts of plaintiff and the mortgaged property and never made a written demand upon plaintiff to return the same to defendants.   There follows a statement by plaintiff of special items of damage suffered as a result of plaintiff's arrest.   The answer admits that defendant Eckhardt signed a complaint, denies that he or defendant bank caused a warrant to be issued, and denies that the complaint was withdrawn.   Most of the other allegations are met by denials of knowledge or information sufficient to form a belief as to their truth.   It is, however, specifically pleaded that defendant Eckhardt had not signed a complaint until he had made a full and fair disclosure of all the facts to an attorney at law and had been advised by the attorney to sign such complaint.

Defendants' motion for summary judgment is supported by two affidavits.   The purpose of the affidavits is to demonstrate (1) that defendants had probable cause to sign the criminal warrant against plaintiff, and (2) that plaintiff's release was

procured by him as a matter of favor not on the merits in order to permit plaintiff to settle his controversy with defendants. In the view that the court takes of this case it will not be necessary to summarize in detail the portions of defendants' affidavits which are directed to the existence of probable cause. The first affidavit is by defendant Eckhardt, president of the First National Bank. This affidavit asserts that defendants by loan to plaintiff, financed the purchase of the truck involved on the security of a chattel mortgage; that plaintiff without the knowledge of defendants and while in default and otherwise in embarrassed financial circumstances moved the truck to the state of Oregon without the consent or knowledge of defendants and thus disabled defendants from taking possession under the default; that defendants disclosed these facts to their attorney and, upon his advice, to the deputy district attorney of Dane county who advised defendants to sign a complaint. The affidavit denies that affiant or anybody connected with the First National Bank ever requested withdrawal and dismissal of the complaint sworn to by affiant and that if such complaint was ever withdrawn or dismissed it was done without the knowledge of affiant.

The second affidavit is by William J. Coyne who, at the times important to this litigation, was deputy district attorney for Dane county. Such portions of his affidavit as deal with the subject of probable cause may be summarized by saying that he corroborates Eckhardt as to the facts disclosed to him and asserts that he advised the signing of a complaint. He also states that defendants had no part in withdrawing the complaint and that steps to withdraw the complaint were the result of overtures on the part of the lawyer who then represented plaintiff in the matter. There is attached to the affidavit a letter from affiant to defendants' attorney in Oregon which states that, "we are not particularly interested in extraditing this man back to Wisconsin and if a satisfactory arrangement can be made between you and Bristol with reference to

this truck we would be satisfied. However, in the event that no settlement can be made, we will extradite Bristol. As you know, this would amount to considerable expense and if it can be avoided, we will appreciate it."

Plaintiff signed a counteraffidavit which seeks to create an issue upon probable cause by asserting oral and written permission to take the truck out of the state, knowledge of defendants as to his whereabouts, and other such matters. He does not, however, assert any facts in respect of the circumstances under which the prosecution against him was disposed of.

We are of the view that it is not necessary in this state of the record to consider defendants' contention that probable cause to sign the criminal complaint against plaintiff indisputably appears by the affidavits. It does appear without dispute that the prosecution of plaintiff was not so terminated in his favor as to constitute the foundation for an action for malicious prosecution. The rule as stated in 18 R. C. L. and 38 C. J. is quoted and approved in *Lechner v. Ebenreiter*, 235 Wis. 244, 252, 292 N. W. 913, as follows:

"It is generally held that where the original proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties, or solely by the procurement of the accused as a matter of favor, or as a result of some act, trick, or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of an action for malicious prosecution. The reason for this rule is that where the termination of the case is brought about by a compromise or settlement between the parties, understandingly entered into, it is such an admission that there was probable cause that the plaintiff cannot afterwards retract it and try the question, which by settling he waived."

"Where the termination of a criminal prosecution or civil action has been brought about by the procurement of defendant therein, or by compromise and settlement, an action for malicious prosecution cannot be maintained. A limitation of the rule, recognized by some decisions, is that the procurement or compromise must be voluntary."

Plaintiff's complaint alleges that after incarceration in the county jail for about a week he was released upon withdrawal of the complaint by Mr. L. H. Eckhardt. This allegation was denied in defendants' answer. The affidavit of Eckhardt is to the effect that neither of the defendants "ever requested withdrawal or dismissal of the complaint sworn to by affiant . . . and if said complaint was ever withdrawn or dismissed it was done without the knowledge of affiant or the First National Bank and not at their instance or request."

The affidavit of Mr. Coyne, the deputy district attorney, is to the effect that plaintiff's then attorney requested Coyne to authorize the release of plaintiff in order that plaintiff might refinance the tractor and make a settlement with defendant bank; that he informed Eckhardt of this request and was advised to contact defendants' attorney both in Madison and in Oregon; that affiant's Madison attorney told affiant that he was in charge of the prosecution and was free to use his own judgment; that he then wrote to defendants' attorney in Oregon stating that he was not interested in extraditing plaintiff if some arrangement could be made with reference to the truck. The attorney was asked to contact plaintiff and advise "us with reference to negotiations." Affiant stated that his purpose in urging a settlement was to avoid expense of extradition proceedings, and that there was no request or suggestion on the part of defendants but rather on the part of plaintiff's then attorney that the complaint be withdrawn and plaintiff released in order that he might refinance the truck; that affiant did not press prosecution because the private controversy was settled and he wished to avoid the expense of prosecution; that he was and is of the opinion that a crime had been committed by plaintiff.

There is no attempt whatever in plaintiff's affidavit to meet the facts thus put forward and we are forced to conclude that the release of plaintiff was at his procurement and that of the district attorney as part of a transaction amounting to a compromise or settlement of the difficulties between the parties and

that this is not such a termination of the proceedings favorable to plaintiff as can form the basis for an action for malicious prosecution. It is clear that the deputy district attorney's action had no relation to the merits of the criminal charge which he still believes to be sustainable and that the discharge was solely to avoid expense and to promote a settlement of the private controversy between the parties. Under the circumstances summary judgment was properly granted upon the ground that the prosecution did not terminate favorably to plaintiff as that requirement is construed in our cases. It is therefore unnecessary to determine whether the affidavits indisputably show probable cause for instituting the prosecution.

*By the Court.*—Order reversed and cause remanded with directions to enter summary judgment dismissing plaintiff's complaint.