TOWER SPECIAL FACILITIES, INC., Plaintiff-Appellant,

v.

INVESTMENT CLUB, INC., Roland Barker and Herbert E. Edlund, co-partners, d/b/a Regency Insurance Agency and Utica Mutual Insurance Company, Defendants-Respondents.

Court of Appeals

No. 80–2269. Submitted on briefs August 19, 1981.—Decided September 22, 1981.
(Also reported in 311 N.W.2d 225.)

For the plaintiff-appellant the cause was submitted on the brief of *Carl F. Schetter,* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *Daniel R. Doucette* and *Kluwin, Dunphy, Hankin & McNulty,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Hanley, Reserve Judge.

DECKER, C.J.   We affirm dismissal of plaintiff's complaint because we conclude that an award for frivolous claim costs, sec. 814.025, Stats., can only be sought

in the original proceeding in which the alleged frivolous claim was commenced, used or continued, and because the complaint fails to state a claim for relief based on malicious prosecution or abuse of process.

The events underlying this appeal arise out of a separate, now completed personal injury action against the Investment Club, Inc. (Investment Club). The Investment Club by third-party complaint impleaded Utica Mutual Insurance Co. (Utica), Roland Barker and Herbert E. Edlund (Barker and Edlund), insurance agents, and Tower Special Facilities, Inc. (Tower), a casualty insurance broker. Barker and Edlund and Utica filed a cross complaint against Tower seeking "contribution and/or indemnification."

After settlement in which Tower did not participate, all of the parties entered into a "Stipulation and Order for Partial Dismissal" dismissing the plaintiff's claim but expressly reserving the Investment Club's third-party claims and the cross claims against Tower.

The remaining parties subsequently entered into a "Stipulation and Order for Dismissal" dismissing the entire action. In both stipulations all claims were dismissed without costs to any party. Tower never sought costs under sec. 814.025, Stats., in that action.

Tower commenced the instant action alleging that the Investment Club's third-party complaint against Tower was "false," and "brought in bad faith and maliciously done to attempt to harm [Tower] and constituted a spurious action as defined in Section 814.025 of the Wisconsin Statutes," and that the cross complaint of Barker and Edlund and Utica was "false" and "without merit," that they "willfully and maliciously intended to harm [Tower]," and that "the continuation of the action was spurious as defined in Section 814.025 of the Wisconsin Statutes."

Barker and Edlund and Utica moved for dismissal of Tower's complaint for failure to state a claim upon

which relief can be granted (sec. 802.06(2)(f), Stats.). After two hearings, the trial court dismissed the complaint, ruling that Tower's claim for sec. 814.025 costs should have been brought in the first action, and that Tower's complaint, liberally construed, failed to state claims for malicious prosecution and abuse of process.

Tower appeals, raising the following issues:

(1) Whether sec. 814.025, Stats., can be enforced in a separate action;

(2) Whether the complaint states a claim for malicious prosecution;

(3) Whether the complaint states a claim for abuse of process; and

(4) Whether the complaint states a claim for fraud and misrepresentation.

## SECTION 814.025, STATS.

Tower claims that it should be allowed to enforce sec. 814.025, Stats., in a separate action or the effect of the statute "would be emasculated." We conclude that the effect of sec. 814.025 can and should be served by bringing a motion in the original action only. Section 814.025, Stats.[1]

---

[1] Section 814.025, Stats., provides:

Costs upon frivolous claims and counterclaims. (1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable fees.

(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

The language of subsection (1) clearly and unambiguously requires a finding of frivolousness by the court in which the claim is "commenced, used or continued." The statute speaks of a finding by *the* court "during the proceedings or upon judgment," which contemplates a finding by the court in which the proceedings were held, whether made during those proceedings or upon judgment. The court in which the claim is "commenced, used or continued" and where the proceedings upon that claim occur, is best able to find the factors of subsection (3).

Our view finds support by the clear and unambiguous language of the statute and in previous treatment of the statute. In requiring adequate trial court findings under sec. 814.025 (3), Stats., our supreme court in *Sommer v. Carr*, 99 Wis. 2d 789, 793, 299 N.W.2d 856, 858 (1981), stated:

> Knowledge or imputed knowledge of the lack of any reasonable basis in law or equity for the stated position or proposition must be found present or lacking by the trial judge before there is a finding to review on appeal.
> If there is not enough in the record for the trial judge to make such findings leading to a conclusion of frivolousness or its absence, then the trial court must conduct a hearing for the purpose of reaching such findings and resulting conclusion.

(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

This last sentence clearly contemplates that the finding be made by the trial court in which the record was made. The court went on to comment that, "Before this section was adopted there was no way the innocent party could recoup legal expenses without starting a separate action if such relief was available at all for malicious prosecution or abuse of process." *Id.* [Footnote omitted.] While this language does not expressly limit recovery of costs under sec. 814.025, Stats., to a finding in the original action, we conclude that the language of the statute itself does, and note no other case in which sec. 814.025 recovery has been raised in a separate action.[2]

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS

Tower claims that regardless of his entitlement to costs under sec. 814.025, Stats., his complaint states claims based on malicious prosecution and abuse of process. A complaint will be upheld against a motion to dismiss for failure to state a claim upon which relief can be granted when the facts alleged, if proven, would constitute a claim for relief. *Keller v. Welles Department Store,* 88 Wis. 2d 24, 28–29, 276 N.W.2d 319, 321 (Ct. App. 1979). We determine that the facts alleged, taken to be true, do not state claims based on malicious prosecution or abuse of process.

[2] *See, e.g., Hessenius v. Schmidt,* 102 Wis.2d 697, 307 N.W.2d 232 (1981) (raised by counterclaim in original proceeding); *State v. State Farm Fire & Cas. Co.,* 100 Wis. 2d 582, 302 N.W.2d 827 (1981) (motion during original proceeding upon dismissal of third-party complaint); *Sommer v. Carr,* 99 Wis. 2d 789, 299 N.W.2d 856 (1981) (requested during original proceeding upon dismissal of third-party complaint); *City of Janesville v. Wiskia,* 97 Wis.2d 473, 293 N.W.2d 522 (1980) (post-judgment motion before same trial court).

In Wisconsin, malicious prosecution has six essential elements:

(1) There must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution;

(2) Such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution;

(3) The former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution;

(4) There must have been malice in instituting the former proceedings;

(5) There must have been want of probable cause for the institution of the former proceedings; and

(6) There must have been injury or damage resulting to the plaintiff from the former proceedings. *Brownsell v. Klawitter*, 102 Wis. 2d 108, 112, 306 N.W.2d 41, 43 (1981).

The burden of proof is upon the plaintiff to establish all six elements; and, if he fails with respect to any one of them, the defendant prevails. There is a strong reason of public policy for thus making it rather onerous for a person to successfully maintain an action for malicious prosecution. *Yelk v. Seefeldt*, 35 Wis. 2d 271, 277, 151 N.W.2d 4, 7 (1967).

■

We affirm the trial court's conclusion that this claim fails because the former proceedings did not terminate in favor of Tower:

A necessary element of a cause of action for malicious prosecution is that the former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution. A voluntary compromise and settlement of the prior suit is not a favorable termination, and in such circumstances a suit

for malicious prosecution cannot be maintained. *Thompson v. Beecham,* 72 Wis. 2d 356, 360, 241 N.W.2d 163, 165 (1976). [Footnotes omitted.]

The reasoning behind the rule noted in *Thompson* is found in *Lechner v. Ebenreiter,* 235 Wis. 244, 252, 292 N.W. 913, 916–17 (1940):

It is generally held that where the original proceeding has been terminated *without regard to its merits or propriety by agreement or settlement of the parties,* or solely by the procurement of the accused as a matter of favor, or as a result of some act, trick, or device *preventing action and consideration by the court,* there is no such termination as may be availed of for the purpose of an action for malicious prosecution. The reason for this rule is that where the termination of the case is brought about by a compromise *or* settlement between the parties, understandingly entered into, it is such an admission that there was probable cause that the plaintiff cannot afterwards retract it and try the question, which by settling he waived. [Emphasis added.]

The record in this case reveals that the original proceeding was terminated pursuant to a stipulation, entered into by Tower and the defendants in the instant action, for dismissal with prejudice[3] and without costs to any party to the stipulation. There was no action and consideration by the court in the original proceeding, and the dismissal was ordered pursuant to stipulation, without regard to the merits or propriety of the proceeding. For the purposes of a malicious prosecution claim, there was no termination of the original proceeding in favor of Tower.

This determination alone does not prevent the complaint from stating a claim for abuse of process, because

---

[3] We note that the order was originally typed "without prejudice." The order as it appears in the record before us has the second half of "without" stricken by pen so the order now reads "with prejudice."

under such a theory it is immaterial whether the suit has been terminated at all.[4] Abuse of process occurs when one "uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed . . . ," *Brownsell v. Klawitter, supra,* 102 Wis. 2d at 114, 306 N.W.2d at 44, and has two essential elements: (1) "a wilful act in the use of process not proper in the regular conduct of the proceedings"; and (2) an "ulterior motive." *Id.* at 115, 306 N.W.2d at 45.

The first element requires allegation of "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process . . .; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Thompson v. Beecham, supra,* 72 Wis. 2d at 362, 241 N.W.2d at 166. Tower's complaint, liberally construed, fails to allege that the defendants took any "irregular steps" under the cover of the process after its issuance. For this reason, Tower's abuse of process claim cannot survive a motion to dismiss. *Id.* at 363, 241 N.W.2d at 166; *Novick v. Becker,* 4 Wis. 2d 432, 435–36, 90 N.W.2d 620, 622 (1958).

Similarly, the second element of abuse of process, ulterior motive, is not alleged in the complaint. There is no allegation of "coercion to obtain a collateral advantage, not properly involved in the proceeding itself," *Thompson v. Beecham, supra,* 72 Wis. 2d at 362, 241 N.W.2d at 166, or of use of the process "to effect an object not within the scope of the process," *Brownsell v. Klawitter, supra,* 102 Wis. 2d at 113, 306 N.W.2d at 44, or of any other improper purpose.

---

[4] *See Brownsell v. Klawitter,* 102 Wis.2d 108, 115, 306 N.W.2d 41, 43 (1981).

As the complaint is drafted,[5] it is quite clear that under no conditions can Tower prevail based on malicious prosecution or abuse of process.

## FRAUD AND MISREPRESENTATION

Tower asserts error because the trial court did not address whether the complaint stated a claim for relief based on fraud and misrepresentation "based on the false allegations contained in the [cross-complaint.]" Our search of the record indicates that this issue was not raised or considered in the trial court. We decline to address this issue raised for the first time on appeal. *Mazurek v. Miller*, 100 Wis. 2d 426, 435, 303 N.W.2d 122, 127 (Ct. App. 1981).

*By the Court.*—Judgment affirmed.

---

[5] The record indicates that Tower never asked for leave to amend its complaint either before or after decision of the trial court or in this court.