Bonnie M. PRONGER, Plaintiff-Appellant,

v.

Jack T. O'DELL, Defendant-Respondent.

Court of Appeals

*No. 84–721. Submitted on briefs August 19, 1985.—Decided October 8, 1985.*
(Also reported in 379 N.W.2d 330.)

For the appellant there were briefs by *John T. Manning* of Wisconsin Rapids.

For the respondent there was a brief by *Fred D. Hollenbeck, John R. Orton,* and *Curran, Curran & Hollenbck, S.C.,* of Mauston.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J. Bonnie Pronger appeals a judgment holding her liable to Jack O'Dell for $14,000 in damages for defamation, malicious prosecution, and abuse of process. Pronger argues that the trial court used the wrong burden of proof for the defamation claim and that O'Dell's counterclaim did not state a cause of action for malicious prosecution or abuse of process. Because we agree with Pronger's arguments, we reverse the judgment and remand the cause for further proceedings.

Pronger was a secretary and later a police officer for the City of Adams from 1977 through 1980. During this time, O'Dell was the chief of police in Adams. Pronger was laid off from her job with the police department. She then filed suit in state court against O'Dell, alleging various incidents of sexual harassment during her employment with the City of Adams. O'Dell denied Pronger's allegations and counterclaimed for defamation, malicious prosecution, and abuse of process. Pronger also filed sexual harassment claims with the Equal Rights Division (ERD) of the Wisconsin Department of Industry, Labor and Human Relations and the federal Equal Employment Opportunity Commission (EEOC). The ERD denied Pronger's claim, and the EEOC declined to proceed with the claim after it was denied by the ERD. Pronger then filed a suit in federal court that was identical to her state court suit. When the state court suit came to trial, Pronger agreed to voluntarily dismiss her complaint so she could proceed with the action in federal court. At trial on O'Dell's counterclaim, the jury returned a verdict in favor of O'Dell on all three claims.

## DEFAMATION

Pronger argues that the trial court applied the wrong burden of proof on the defamation claim, since it failed to require O'Dell to show actual malice. Under the constitutional standard set forth in *New York Times v. Sulli-*

294

*van,* 376 U.S. 254 (1964), a public official must prove actual malice in order to recover damages for a defamatory statement relating to his official conduct. *Id.* at 279.[1] Actual malice means "with knowledge that it was false or with reckless disregard of whether it was false or not. *Id.* at 279–80.

■ The trial court found that O'Dell was not a public official by virtue of his position as Adams chief of police. Accordingly, the trial court required Pronger to prove the truth of her allegations and declined to require O'Dell to prove actual malice. This was error. The United States Supreme Court has said that the "public official" designation "applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility *for or control over the conduct of governmental affairs.*" *Rosenblatt v. Baer,* 383 U.S. 75, 85 (1966). Although there are no Wisconsin cases on point, the public official designation has been applied in other jurisdictions to include law enforcement personnel. *See Cibenko v. Worth Publishers, Inc.,* 510 F. Supp. 761, 765 (N.J. 1981) (transit police officer); *Rosales v. City of Eloy,* 593 P.2d 688, 689 (Ariz. 1979) (police officer); *Angelo v. Brenner,* 406 N.E.2d 38, 40 (Ill. 1980) (city police officer). Because a police chief is a local government employee charged with protecting the public interest in law enforcement, we hold that a chief of police is a public official for purposes of applying the constitutional standard of *New York Times. See Coursey v. Greater Niles Township Publishing Corp.,* 239 N.E.2d 837, 841 (Ill. 1968). Since the trial court erred by applying the wrong burden of proof, we reverse that part of the judgment and remand the cause for further proceedings using the actual malice standard.

---

[1] *See also Simonson v. United Press Int'l,* 500 F. Supp 1261, 1268 (E.D. Wis. 1980).

## MALICIOUS PROSECUTION

Pronger argues that O'Dell's counterclaim for malicious prosecution fails because there was no termination of a prior proceeding in favor of O'Dell. Pronger contends that her voluntary dismissal of the state court claim in order to enable her to proceed in federal court does not constitute a termination in O'Dell's favor. We agree. The trial court found as a matter of law that Pronger instituted a prior judicial proceeding against O'Dell and that the proceedings were terminated in O'Dell's favor. When reviewing decisions on questions of law, we owe no deference to the trial court's conclusion. *Maxey v. Redevelopment Authority of the City of Racine,* 120 Wis. 2d 13, 18, 353 N.W.2d 812, 815 (Ct. App. 1984). A cause of action for malicious prosecution will lie only when the judicial proceeding upon which the claim is based is begun with malice, without probable cause, and finally ends in failure. *Kalso Systemet, Inc. v. Jacobs,* 474 F. Supp. 666, 670 (S.D. N.W. 1979). A claim for malicious prosecution cannot be interposed into the very proceedings that form the basis for the claim. *Id. See also De La Cruz v. Du Fresne,* 512 F. Supp. 1204, 1205 (Nev. 1981); *Izard v. Arndt,* 483 F. Supp. 261, 264 (E.D. Wis. 1980). We hold that O'Dell's counterclaim for malicious prosecution was premature since it was instituted prior to a favorable termination of the proceedings upon which it was based.[2]

---

[2] In addition, we note that a voluntary dismissal that does not adjudicate the merits of the claim does not constitute a favorable judicial termination of an action sufficient to support a claim for malicious prosecution. *Savage v. Seed,* 401 N.E.2d 984, 989 (Ill. 1980). *Tower Special Facilities v. Investment Club,* 104 Wis. 2d 221, 228, 311 N.W.2d 225, 229 (Ct. App. 1981).

## ABUSE OF PROCESS

Pronger argues that O'Dell did not present sufficient evidence to support a claim for abuse of process. Whether the evidence presented at trial is sufficient to support a cause of action is a question of law to be decided de novo by the appellate court. *Burg v. Miniature Precision Components, Inc.,* 111 Wis.2d 1, 12, 330 N.W.2d 192, 198 (1983). To support a cause of action for abuse of process, the evidence must show there was "a willful act in the use of process not proper in the regular conduct of the proceedings" and an "ulterior motive." *Brownsell v. Klawitter,* 102 Wis.2d 108, 115, 306 N.W.2d 41, 45 (1981) (citing *Thompson v. Beecham,* 72 Wis.2d 356, 362, 241 N.W.2d 163, 166 (1976)). In order to establish the first of these elements, the evidence must reflect more than the proper use of process with a bad motive. *Tower Special Facilities v. Investment Club,* 104 Wis.2d 221, 229, 311 N.W.2d 225, 229 (Ct. App. 1981). It must be alleged and proven that something was done under the process that was not warranted by its terms.[3] *Thompson,* 72 Wis.2d at 363, 241 N.W.2d at 166. O'Dell's counterclaim alleges that Pronger brought her action "with intent to injure the defendant," and the jury found that Pronger instituted the action "to harass or worry" O'Dell. Since the existence of an improper purpose alone will not support an action for abuse of process, we hold that the counterclaim and the evidence presented in support of it failed as a matter of law to establish a claim for abuse of process. We therefore reverse the trial court's judgment on the claims for mali-

---

[3] The use of a properly issued subpoena for the ulterior purpose of preventing a witness from performing at a public function or the use of a statutory procedure for detaining dangerous persons for the ulterior purpose of preventing a college student from leaving school are examples of abuse of process. *See Brownsell,* 102 Wis.2d at 115, 306 N.W.2d at 45.

cious prosecution and abuse of process, and remand for further proceedings on the defamation claim.

*By the Court.*—Judgment reversed the cause remanded.