92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David P. SWEENEY, Plaintiff-Appellant,
v.
James M. FLANAGAN, et al., Defendants-Appellees.
 No. 95-3586.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 18, 1996.*
Decided July 23, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 David Sweeney appeals the dismissal of this suit, in which he alleges malicious prosecution, abuse of process, and intentional infliction of emotional distress. Sweeney claims that the defendants filed a RICO and a slander of title action against him in retaliation for his actions as a member of the creditors' committee in the bankruptcy of a Wisconsin partnership known as Delafield Development (Delafield). The district court dismissed the suit for failure to state a claim, and Sweeney appeals.[1]
 
 I. Malicious Prosecution
 
 2
 The district court held that Sweeney failed to state a claim for malicious prosecution because he did not allege special damages. Under Wisconsin law, for a plaintiff "to maintain an action for malicious prosecution there [must] be special damages stemming from the seizure of the person or the person's property in the underlying action." Johnson v. Calado, 464 N.W.2d 647, 652 (Wis.1991). Sweeney claims that he suffered special damages because he was forced to (1) dedicate significant time and expense to defending against the litigation and (2) appear for a deposition in the slander of title action, constituting a "seizure" of his person. The Wisconsin Supreme Court, however, has held that the normal costs of defending a lawsuit do not qualify as special damages. See id. at 650. Preparing a defense and appearing for a deposition are simply part of defending against a lawsuit, even if (as Sweeney claims) the deposition was a traumatizing experience. Thus, Sweeney has failed to allege special damages, and the district court's dismissal of his malicious prosecution action was proper.
 
 II. Abuse of Process
 
 3
 Sweeney argues that even if he has not stated a claim for malicious prosecution, his complaint at least states a claim for abuse of process. Abuse of process occurs when a person "uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed." Brownswell v. Klawitter, 306 N.W.2d 41, 44 (Wis.1981) (quoting Restatement (Second) of Torts § 682 (ALI 1977)). A plaintiff claiming abuse of process need not establish that the underlying action was brought without probable cause; it is sufficient that the legal process was used for an improper purpose. Badger Cab Co., Inc. v. Soule, 492 N.W.2d 375, 381 (Wis.App.1992). Sweeney contends that the defendants abused the legal process because they brought the RICO and slander of title actions for no purpose other than to retaliate against him.
 
 
 4
 A plaintiff may not recover for abuse of process unless he shows "[s]ome definite act or threat not authorized by the process ...; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Tower Special Facilities, Inc. v. Investment Club, Inc., 311 N.W.2d 225, 229 (Wis.App.1981) (quoting Thompson v. Beecham, 241 N.W.2d 163, 166 (Wis.1976)). Sweeney does not allege that the defendants sought any material advantage from bringing the RICO and slander of title actions aside from a desire to retaliate against him (combined, of course, with any court judgment that they might have hoped to win). Wisconsin has recognized that an abuse of process claim lies only where a suit is brought in "coercion to obtain a collateral advantage," Tower, 311 N.W.2d at 229, and this is in accord with the general rule. The Restatement notes that "[t]he usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or take some other action or refrain from it." Restatement, supra, § 682 cmt. b; see also Triester v. 191 Tenants Assn., 415 A.2d 698, 702 (Pa.Super.1979) ("The classic example [of abuse of process] is the initiation of a civil proceeding to coerce the payment of a claim completely unrelated to the cause of action sued upon."). In contrast, the mere desire to retaliate or harass will not support an abuse of process claim. See Clipper Affiliates, Inc. v. Checovich, 638 A.2d 791, 795 (N.H.1994); Butler v. Ratner, 619 N.Y.S.2d 871, 873 (A.D.1994). Thus, because Sweeney does not allege that the defendants sought any collateral advantage from filing the RICO and slander of title suits, he fails to state a claim for abuse of process.
 
 
 5
 III. Intentional Infliction of Emotional Distress
 
 
 6
 Sweeney claims that the defendants intentionally inflicted emotional distress on him by alleging in their lawsuits that he had falsely accused the defendants of improprieties in the bankruptcy proceeding. The district court dismissed this claim, holding that any accusations that the defendants made against Sweeney were privileged because they were made in the course of litigation. Under Wisconsin law, a statement relating to a lawsuit that is made in the "procedural context" of the lawsuit is absolutely privileged, and the party making the statement may not be held liable for defamation. Bergman v. Hupy, 221 N.W.2d 898, 900 (Wis.1974); Rady v. Lutz, 444 N.W.2d 58, 59-60 (Wis.App.), review denied, 443 N.W.2d 313 (Wis.1989). The allegations against Sweeney were contained in pretrial pleadings, which qualify as privileged communications. See Rady, 444 N.W.2d at 60 ("The absolute privilege ... extend[s] to steps taken prior to trial such as conferences and communications relevant to the proceeding."). Wisconsin, however, has not discussed whether this absolute immunity from defamation actions extends claims for intentional infliction of emotional distress. A number of other courts have held that the absolute litigation privilege applies in such cases, because "[t]he absolute privilege would be meaningless if a simple recasting of the cause of action from 'defamation' to 'intentional infliction of emotional distress' ... could void its effect." Barker v. Huang, 610 A.2d 1341, 1349 (Del.1992); see also Laffer v. Levinson, Miller, Jacobs & Phillips, 40 Cal.Rptr.2d 233, 237 (Cal.App.1995); Franson v. Radich, 735 P.2d 632, 635 (Or.App.1987); Peytan v. Ellis, 510 A.2d 1337, 1343 (Conn.1986). We believe that Wisconsin would follow the approach of these courts. Thus, the accusations made against Sweeney in the prior lawsuits are privileged, and his claim of intentional infliction of emotional distress was properly dismissed.
 
 IV. Other Claims
 
 7
 Finally, Sweeney makes a number of additional claims, including arguments that (1) the district court should have granted him leave to amend his complaint; (2) his claims are authorized by the Wisconsin constitution; and (3) his rights under the Fourth Amendment were violated. Sweeney, however, did not raise any of these claims in the district court, nor did he request that the district court allow him to amend his complaint. These arguments are therefore waived.
 
 V. Conclusion
 
 8
 Sweeney has failed to state a claim for either malicious prosecution, abuse of process, or intentional infliction of emotional distress. Accordingly, the judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Jurisdiction in this case is based on diversity of citizenship, and the district court analyzed Sweeney's claims under Wisconsin law. In a diversity case, the district court must apply the choice of law rules of the jurisdiction in which it sits. Rexford Rand Corp. v. Ancel, 58 F.3d 1215, 1218 n. 6 (7th Cir.1995). The district court in this case was located in Wisconsin, and Wisconsin choice of law rules allow the parties to agree or stipulate to the choice of law so long as the stipulation is not contrary to public policy. See Bush v. National School Studios, Inc., 407 N.W.2d 883, 886 (Wis.1987); see also General Cas. Co. of Wisconsin v. Hills, 548 N.W.2d 100, 102-03 (Wis.App.1996). Here, all parties agree that Wisconsin law applies, and because the events in question took place in Wisconsin, public policy would not prohibit applying Wisconsin law. Thus, we will apply Wisconsin law to Sweeney's claims