# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2019AP1918 |

| | |
|---|---|
| COMPLETE TITLE: | Cheyne Monroe, |
| |         Plaintiff-Appellant, |
| |     v. |
| | Chad Chase, |
| |         Defendant-Respondent. |

ON CERTIFICATION FROM THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | June 22, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 3, 2021 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Dane |
|   JUDGE: | Valerie Bailey-Rihn |

JUSTICES:

KAROFSKY, J., delivered the majority opinion for a unanimous Court.

NOT PARTICIPATING:

ATTORNEYS:

For the plaintiff-appellant, there were briefs filed by *Richard J. Auerbach* and *Auerbach & Porter, S.C.*, Middleton. There was an oral argument by *Richard J. Auerbach*.

For the defendant-respondent, there was a brief filed by *Christopher J. Dodge* and *Fuhrman & Dodge, S.C.*, Middleton. There was an oral argument by *Jeanne M. Armstrong*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1918
(L.C. No. 2019CV790)

STATE OF WISCONSIN     :     IN SUPREME COURT

Cheyne Monroe,

    **Plaintiff-Appellant,**

  v.

**Chad Chase,**

    **Defendant-Respondent.**

**FILED**

**JUN 22, 2021**

Sheila T. Reiff
Clerk of Supreme Court

KAROFSKY, J., delivered the majority opinion for a unanimous Court.

APPEAL from an order of the Circuit Court for Dane County, Valerie Bailey-Rihn, Judge. *Reversed and cause remanded.*

¶1 JILL J. KAROFSKY, J. This case is about the tort of malicious prosecution. Our focus is on the third element of a malicious-prosecution action, the "favorable termination" element, wherein a malicious-prosecution plaintiff must prove that the prior proceeding was terminated in his or her favor. Our task is to decide whether Cheyne Monroe's complaint can survive a motion to dismiss when her complaint relies upon Chad Chase's withdrawal

of the prior proceeding to satisfy the favorable-termination element.[1]

¶2 The circuit court dismissed Monroe's complaint for failure to state a claim, concluding that the complaint failed to establish that the prior proceeding was terminated in her favor.[2] Relying on Pronger v. O'Dell, 127 Wis. 2d 292, 379 N.W.2d 330 (Ct. App. 1985), the circuit court ruled that when a party brings a lawsuit and then withdraws it——prior to an adjudication of the merits——that withdrawal can never satisfy the favorable-termination element of a malicious-prosecution action. The court of appeals certified the appeal to this court, pursuant to Wis. Stat. § (Rule) 809.61, and posed the question as "whether the malicious prosecution defendant's [withdrawal] of a prior proceeding can ever satisfy the third element of a malicious

_____

[1] The term "favorable termination" describes the favorable conclusion of a case, regardless of which party initiated that termination or in what manner. The Restatement (Second) of Torts § 674 cmt. j (1977) describes four types of "termination": (1) favorable adjudication; (2) withdrawal; (3) dismissal of proceedings because of failure to prosecute; and (4) abandonment. The facts in this case present us with the second type of termination, a withdrawal. Therefore, we will refer to Chase's unilateral, voluntary dismissal of the prior proceeding against Monroe as a withdrawal. However, we will use the word "dismissal" when discussing criminal cases, because that term is consistent both with our cases and the Wisconsin statutes. See, e.g., Wis. Stat. §§ 971.31(6)-(8), 971.315 (2019-20). All subsequent references to the Wisconsin Statutes are to the 2019-20 version unless otherwise indicated.

[2] The Honorable Valerie Bailey-Rihn of the Dane County Circuit Court presided.

2

prosecution claim—that the prior proceeding terminated in the malicious prosecution plaintiff's favor."

¶3 We reverse the order of the circuit court because a withdrawal of a prior proceeding may satisfy the favorable-termination element of a malicious-prosecution action. We also adopt the approach of the Restatement (Second) of Torts § 674 cmt. j (1977), which is consistent with our cases and focuses on the circumstances of the termination to determine whether it was favorable. We remand this case to the circuit court to apply the analysis set forth in this opinion.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶4 This case is the third of three lawsuits in which Monroe and Chase are opposing parties. The first lawsuit was their divorce, which occurred in Minnesota in 2013. As a result of that divorce, the court issued a custody and placement order granting primary placement of the parties' minor child to Chase and periods of non-primary placement to Monroe. In 2016, after Monroe filed a motion to establish a regular placement schedule for herself with the child, the court accepted a stipulation which set forth an interim placement schedule and transferred jurisdiction of the case to the Dane County Circuit Court.

¶5 Chase then filed the second lawsuit—a termination of parental rights (TPR) action against Monroe—in the Dane County Circuit Court, alleging abandonment. In the second lawsuit, Chase's allegation of abandonment was based on claims that Monroe failed to have contact with their child in person or by telephone calls or letters for approximately three years. While the second

3

lawsuit was pending, the court in the first lawsuit stayed the proceedings for approximately nine months. During that nine-month stay, as Monroe's complaint in the instant action alleges, she incurred legal fees, suffered emotional distress, and most significantly, was unable to visit with her child. On March 28, 2017, Chase withdrew the second lawsuit.

¶6 In March 2019, Monroe filed the third lawsuit——the instant malicious-prosecution action——against Chase, alleging that Chase initiated the second lawsuit with malice and on false grounds. According to Monroe's complaint, Chase made the abandonment allegation in the second lawsuit knowing it to be false, because Chase was aware that Monroe had cared for their child at home for roughly 17 months after the child's birth and that Monroe and Chase had exercised equal placement for a period of time after their separation. Monroe's complaint further stated that Chase's abandonment allegation contradicted both his sworn affidavit and the existing stipulation of shared placement in the first lawsuit. Despite Monroe's requests and the guardian ad litem's recommendation that Chase dismiss the second lawsuit, he refused to do so until right before a court-scheduled hearing.[3]

¶7 In the instant case——the third lawsuit——Chase filed a motion to dismiss, arguing that Monroe's complaint failed to satisfy two of the six elements of malicious prosecution: (1) the

---

[3] The amount of time between Chase's withdrawal of his complaint in the second lawsuit and the court-scheduled hearing is absent from the record. Monroe's complaint in the instant case alleges that the withdrawal took place "on the cusp of" that hearing——that is to say, at the 11th hour.

4

termination of the prior proceeding in favor of the malicious-prosecution plaintiff; and (2) injury or damage resulting to that plaintiff from the prior proceeding. After a hearing, the circuit court granted Chase's motion, reasoning that a withdrawal that prevents a court from "adjudicat[ing] the merits" could not constitute a favorable termination of the preceding case.[4] Pronger, 127 Wis. 2d 292, 296 n.2.

¶8 Monroe appealed the circuit court's order. The court of appeals certified the appeal to this court, and we accepted certification.

## II. STANDARD OF REVIEW

¶9 A motion to dismiss tests the legal sufficiency of the complaint. Serv. Emps. Int'l Union, Loc. 1 v. Vos, 2020 WI 67, ¶26, 393 Wis. 2d 38, 946 N.W.2d 35. For purposes of this court's review, we treat all allegations in the complaint as true. Id. We then determine whether the facts alleged in the complaint could state a viable cause of action, a legal question we review de novo. Id.

## III. ANALYSIS

¶10 The narrow question presented to us is whether a withdrawal can satisfy the favorable-termination element of a malicious-prosecution action. We begin our analysis with a brief overview of the tort of malicious prosecution and survey the

---

[4] After ruling that Monroe's pleadings were insufficient with respect to the favorable-termination element, the circuit court stated that, had that element been met, the court would have denied Chase's motion to dismiss with respect to the damages element.

relevant Wisconsin cases that address the disputed element. We then adopt the approach of the Restatement (Second) of Torts § 674 cmt. j, which is consistent with our cases. Last, we remand the case to the circuit court to apply the analysis set forth in this opinion.

### A. The Tort of Malicious Prosecution

¶11 A malicious-prosecution plaintiff must prove each of the following six elements:

1. There must have been a prior institution or continuation of judicial proceedings against the plaintiff;

2. Such former proceedings must have been by, or at the instance of the defendant;

3. The former proceedings must have terminated in favor of the plaintiff;

4. There must have been malice in instituting the former proceedings;

5. There must have been want of probable cause for the institution of the former proceedings; and

6. There must have been injury or damage resulting to the plaintiff from the former proceedings.

Elmer v. Chicago & N.W. Ry. Co., 257 Wis. 228, 231, 43 N.W.2d 244 (1950). It is only the third——the favorable-termination element——that is at issue here. We are to determine whether the withdrawal of the prior proceeding can satisfy that element. To do so, we must first analyze and then clarify Wisconsin law regarding favorable terminations.

¶12 We begin our analysis by examining Wisconsin's foundational favorable-termination case, Lechner v. Ebenreiter,

6

235 Wis. 244, 292 N.W. 913 (1940). In that case, the district attorney moved to dismiss larceny charges against Lechner, who agreed to turn over the disputed property to a third party. Id. at 253. Later, when Lechner sued the district attorney for malicious prosecution, the circuit court determined that a dismissal in a criminal case could serve as a favorable termination in a malicious-prosecution action, except when the original proceeding had been terminated: (1) "without regard to its merits . . . by agreement or settlement of the parties"; or (2) "solely by the procurement of the accused as a matter of favor, or as a result of some act, trick, or device preventing action and consideration by the court."[5] Id. at 252 (quoted source omitted). The basis for this rule is that a termination resulting from a settlement or agreement between parties signifies that the malicious-prosecution plaintiff made an "admission that there was probable cause" to initiate the action that he or she cannot later retract. Id.

---

[5] In addition to contesting whether a withdrawal can be a favorable termination, Chase also contends that his withdrawal constitutes an "act . . . preventing action and consideration by the court." Lechner v. Ebenreiter, 235 Wis. 244, 252, 292 N.W. 913 (1940). This argument ignores the fact that, like the exception for terminations obtained "as a matter of favor," the exception for terminations "as a result of some act, trick, or device" is likewise applicable where such terminations are obtained "solely by the procurement of the accused." Id. This exception would be applicable in the instant case if Monroe had obtained the withdrawal through an "act, trick, or device," but it is unavailable here, where the withdrawal was obtained by Chase, the complainant in the prior proceeding.

¶13 In Lechner, we concluded that Lechner's agreement to turn over the disputed property did not bar his malicious-prosecution action because the agreement was solely an admission that he had no right to possess the property, rather than an admission to the crime of larceny. Id. at 254-55. Said differently, even though Lechner turned over the property, he never conceded that the prosecutor had probable cause to charge him in the first place. As a result, he was not barred from filing a malicious-prosecution action against the district attorney.

¶14 We were presented with a similar issue in Bristol v. Eckhardt, 254 Wis. 297, 299, 36 N.W.2d 56 (1949), in which Bristol, who had defaulted on a tractor loan, moved that tractor to the state of Oregon in order to avoid its repossession. The district attorney dismissed the complaint at the request of Bristol's attorney, so that upon Bristol's release from custody he might refinance the tractor and settle with the bank. Id. at 300. Consistent with Lechner, we held that the termination of the proceedings against Bristol was not favorable to him for two reasons. First, the dismissal was obtained "at [Bristol's] procurement." Id. at 301. Second, the circumstances demonstrated that the district attorney's dismissal was based not on a lack of probable cause for initiating the proceedings, but on his desire to avoid the expense of extraditing Bristol from Oregon to Wisconsin. Id. at 301-02. The district attorney still believed the criminal charge against Bristol to be "sustainable." Id.

¶15 The following year, we decided Elmer which, like Lechner and Bristol, was a criminal case. In Elmer, 257 Wis. at 233-34,

8

the district attorney filed a complaint against Elmer for stealing railroad rails and later dismissed the charges due to insufficient evidence. Elmer then sued the district attorney for malicious prosecution. Id. at 231-32. In Elmer, we reiterated the Lechner rule: "The discharge by an examining magistrate, or a [dismissal] by the district attorney except under circumstances . . . relating to compromises[], is a sufficient termination of the action to support an action for malicious prosecution." Id. at 234 (quoted source omitted). We remanded the case for a fact-finder to assess the circumstances of the dismissal to determine whether the district attorney's dismissal was a favorable termination. Id.

¶16 Later, in Thompson v. Beecham, 72 Wis. 2d 356, 241 N.W.2d 163 (1976), we were presented with another malicious-prosecution action that ended in a compromise and settlement. Applying Lechner, we reiterated that "[a] voluntary compromise . . . is not a favorable termination" because "[e]ach party gave up a claim, and each party received a benefit." Id. at 360-61.

¶17 The court of appeals subsequently applied the Lechner rule in Tower Special Facilities, Inc. v. Investment Club, Inc., 104 Wis. 2d 221, 228, 311 N.W.2d 225 (Ct. App. 1981), in which the parties terminated the prior proceeding by entering into a stipulation for dismissal with prejudice and without costs. Because the case was dismissed pursuant to the stipulation, the court of appeals held that the proceeding was not terminated in favor of the malicious-prosecution plaintiff. Id. Reiterating our holding in Lechner, the court of appeals concluded that the stipulated dismissal could not satisfy the favorable-termination

element because the stipulation constituted "an admission that there was probable cause that the plaintiff [could not] afterwards retract . . . and try the question, which by settling he waived." Id. (quoted source omitted).

¶18 After Tower Special Facilities, the court of appeals analyzed the favorable-termination element in another case involving a withdrawal, Pronger, 127 Wis. 2d 292. In that case, Pronger filed a sexual-harassment suit in state court, and the defendant, O'Dell, counterclaimed for malicious prosecution. Id. at 294. Pronger then withdrew her complaint in order to proceed with an identical action in federal court. Id. The court of appeals held that O'Dell prematurely filed the malicious-prosecution action since he instituted it as a counterclaim, before the sexual-harassment action had terminated in any way——favorable or unfavorable. Id. at 296. In reaching its decision, the court of appeals did not analyze the circumstances surrounding Pronger's withdrawal. In a footnote, the court stated, "[i]n addition, we note that a [withdrawal] that does not adjudicate the merits of the claim does not constitute a favorable judicial termination of an action sufficient to support a claim for malicious prosecution." Id. at 296 n.2.

¶19 In the present case, the circuit court relied on the Pronger footnote, deciding that Pronger mandated the dismissal of Monroe's complaint. The circuit court read Pronger as barring any malicious-prosecution action where the underlying action terminated in a withdrawal that did not "adjudicate the merits of the claim." Id. The circuit court reached this conclusion despite

10

our consistent line of cases permitting, with only a few explicitly-delineated exceptions, a malicious-prosecution action based on the withdrawal of the prior proceeding. Read in context, the Pronger footnote does not mandate a result that is inconsistent with our cases. The Pronger court's holding was narrow and only addressed situations in which the previous case was still pending——not terminated.

### B. Adoption of the Restatement (Second) of Torts Approach

¶20 Having surveyed the relevant cases, we next look to the Restatement (Second) of Torts § 674 cmt. j, which is consistent with our cases, and which we now adopt. Several courts in other jurisdictions have also adopted the Restatement's approach.[6]

¶21 The Restatement (Second) of Torts § 674 cmt. j, provides as follows:

> Termination in favor of the person against whom civil proceedings are brought. Civil proceedings may be terminated in favor of the person against whom they are brought . . . by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his [or her] failure to prosecute them. . . . Whether a withdrawal or abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought, and whether the withdrawal is evidence of a lack of probable cause for their initiation, depends

---

[6] See, e.g., Nelson v. Miller, 660 P.2d 1361, 1363-65 (Kan. 1983); Frey v. Stoneman, 722 P.2d 274, 279 n.7 (Ariz. 1986); Barrett Mobile Home Transp., Inc. v. McGugin, 530 So.2d 730, 735-36 (Ala. 1988); Christian v. Lapidus, 833 S.W.2d 71, 74 (Tenn. 1992); Cult Awareness Network v. Church of Scientology, Intern., 685 N.E.2d 1347, 1355 (Ill. 1997).

upon the circumstances under which the proceedings are withdrawn.[7]

¶22 According to both our cases and the Restatement (Second) of Torts § 674 cmt. j, whether a withdrawal constitutes a favorable termination depends upon the circumstances of the withdrawal. In this case, it is undisputed that Chase's withdrawal was a final termination of the second lawsuit. Whether it was favorable to Monroe, however, depends upon the circumstances of the withdrawal.

¶23 Having adopted the Restatement (Second) of Torts § 674 cmt. j, we next address Chase's arguments disfavoring the Restatement's approach. Chase urges us to join the minority of jurisdictions, reject the Restatement's approach, and adopt a blanket rule that a withdrawal can <u>never</u> serve as a favorable termination underlying a malicious-prosecution action. He maintains that a contrary holding would hinder free access to the courts and have a "chilling effect" on plaintiffs who wish to withdraw their actions when appropriate. He raises the specter of plaintiffs pushing on with litigation despite a lack of resources or change of heart, for fear of being subject to a malicious-prosecution action if they withdraw. We are unpersuaded by these arguments.

¶24 We do not agree with Chase that adopting the Restatement's approach lowers the bar for malicious-prosecution

---

[7] A separate subsection of the Restatement (Second) of Torts, § 672(1), enumerates a different set of elements to be proven by a malicious-prosecution plaintiff when the underlying action is criminal in nature. Because the prior proceeding before us is a civil action, and neither party has argued that we adopt § 672(1), we do not address that section here.

actions. The Restatement's approach balances free access to the courts with an individual's right not to be haled into court without reason, and prevents bona fide malicious-prosecution defendants from escaping responsibility simply by withdrawing at the last moment.

¶25 Further, the remaining five elements of a malicious-prosecution action provide an additional safeguard against the pursuit of baseless actions. A successful malicious-prosecution plaintiff must still satisfy, among others, the requirements that the prior proceeding was brought with malice and without probable cause for its initiation, i.e., the fourth and fifth elements of a malicious-prosecution action. If the prior proceeding is truly valid but a party withdraws the claim due to a lack of funds, change of heart, or some other innocuous reason, a malicious-prosecution plaintiff will be likewise unable to satisfy those elements.

## C. Remand to the Circuit Court

¶26 Having adopted the Restatement's approach and concluded that a withdrawal of a prior proceeding may satisfy the favorable-termination element of a malicious-prosecution action, our inquiry stops. The record before us is devoid of any evidence as to why Chase withdrew the second lawsuit. Monroe's complaint alleges that Chase falsely claimed in the second lawsuit that Monroe had not contacted their child for approximately three years, while admitting contact and communication between Monroe and the child in an affidavit filed in the first lawsuit. Whether or not Chase's withdrawal of the second lawsuit constitutes a favorable

13

termination remains a question for a fact-finder.  For that reason, we reverse the order of the circuit court and remand the case to apply the analysis set forth in this opinion.

IV.   CONCLUSION

¶27  We reverse the order of the circuit court because a withdrawal of a prior proceeding <u>may</u> satisfy the favorable-termination element of a malicious-prosecution action.  We also adopt the approach of the Restatement (Second) of Torts § 674 cmt. j, which is consistent with our cases and focuses on the circumstances of the termination to determine whether it was favorable.  We remand this case to the circuit court to apply the analysis set forth in this opinion.

*By the Court.*——The order of the circuit court is reversed and the cause is remanded.