COURT OF APPEALS
DECISION
DATED AND FILED

January 24, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2001**

STATE OF WISCONSIN

Cir. Ct. No. **2018CV2142**

IN COURT OF APPEALS
DISTRICT IV

SCOLL & REMEIKA, LLC,

PLAINTIFF-RESPONDENT,

V.

VICTORIA FUEGER,

DEFENDANT-APPELLANT,

AMERICAN FAMILY MUTUAL INSURANCE CO.,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: EVERETT D. MITCHELL, Judge. *Dismissed*.

Before Kloppenburg, P.J., Blanchard, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Victoria Fueger appeals an order dismissing the complaint against her with prejudice. The dispositive issue is whether Fueger has standing to appeal. We conclude that Fueger does not have standing. Therefore, we dismiss the appeal.

¶2 The history of this case is long, but only the most recent events are relevant to this appeal. Scoll & Remeika, LLC, is the plaintiff in a defamation claim against Fueger. American Family Mutual Insurance Company provided defense for Fueger as its insured and informed the circuit court that it had reached a settlement with Scoll under which the case would be dismissed. Fueger objected to dismissal, but the court dismissed the case with prejudice at the request of both American Family and Scoll. Fueger appeals. Both American Family and Scoll appear as respondents in the appeal.[1]

¶3 The respondents argue that Fueger lacks standing to appeal because she is not aggrieved by the circuit court order. She is not aggrieved, they argue, because the dismissal is with prejudice and does not require any payment or other action by Fueger. Fueger argues that she is aggrieved because the settlement that

---

[1] In this opinion we refer to the arguments as being made by "the respondents," even when an argument is made in only one of the respondent briefs.

American Family and Scoll reached results in dismissal without a decision on the merits in her favor.

¶4  As background, the circuit court held a hearing in September 2023. Counsel for American Family informed the court that the insurer had settled the case with Scoll, but that Fueger declined to sign a stipulation for dismissal. Because Fueger refused to sign the stipulation, American Family and Scoll were unable to file a stipulation signed by "all parties," as required to effectuate a dismissal without a court order. *See* WIS. STAT. § 805.04(1) (2021-22).[2] American Family then asked the court to sign an order dismissing the case with prejudice. Scoll's counsel said: "The Plaintiff joins in American Family's request that the Court sign the proposed order that was filed by American Family on the docket." Fueger stated her objections to the settlement, and those were discussed further by the parties and the court. The court then reached its decision:

> The question whether or not … [Fueger] has to agree to the stipulation as a prerequisite to the dismissal, may be an interesting, novel question. But at least from my perspective, I have been given no authority that allows for

---

[2] WISCONSIN STAT. § 805.04(1) provides:

> An action may be dismissed by the plaintiff without order of court by serving and filing a notice of dismissal at any time before service by an adverse party of responsive pleading or motion or by the filing of a stipulation of dismissal signed by all parties who have appeared in the action.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

me to [permit the] litigation at this point to continue if the Plaintiff is asking for it to be dismissed.

So for that reason, I'm going to allow for the agreement to move forward to allow for dismissal with prejudice [of] this case so that this litigation can come to an end, at least at this point.

¶5     The circuit court subsequently entered an order accepting the voluntary dismissal at Scoll's request under WIS. STAT. § 805.04(2).[3]  The order stated:

> The above-captioned matter having come before the Court on the 8th day of September 2023, to address the Intervenor Defendant American Family Mutual Insurance Company's request that the Court enter an order dismissing the case based upon a settlement agreement that was reached between American Family Mutual Insurance Company and the plaintiff Scoll & Remeika, LLC, and the Court having reviewed all of the pleadings on file and having heard the statements from the parties, now, therefore,
>
> IT IS ORDERED that this case is hereby dismissed, with prejudice, and without costs to any party.

¶6     The parties do not appear to dispute the law related to appellate standing.  A person may not appeal from a judgment or order unless the person is aggrieved by it, and a person is aggrieved if the judgment bears directly and

---

[3] WISCONSIN STAT. § 805.04(2) provides:

> Except as provided in sub. (1) [for dismissal on stipulation by all parties], an action shall not be dismissed at the plaintiff's instance save upon order of court and upon such terms and conditions as the court deems proper.  Unless otherwise specified in the order, a dismissal under this subsection is not on the merits.

4

injuriously upon the person's interests. ***Ford Motor Credit Co. v. Mills***, 142 Wis. 2d 215, 217, 418 N.W.2d 14 (Ct. App. 1987).

¶7 Here, the terms of the dismissal order could not be more favorable to Fueger, because it was an unconditional dismissal with prejudice. Therefore, she is not aggrieved by that order and may not appeal.

¶8 Fueger appears to recognize that she is not aggrieved by the terms of the dismissal order itself. Instead, she argues that she is aggrieved by the effects of the dismissal order. Specifically, Fueger argues that she has standing based on her intent to make a future claim against plaintiff Scoll for malicious prosecution based on this case. As part of such a claim, Fueger would be required to show that this case was terminated in her favor. *See **Monroe v. Chase***, 2021 WI 66, ¶¶11, 20-22, 397 Wis. 2d 805, 961 N.W.2d 50 (describing the termination element of such a claim). Fueger argues that, because American Family's settlement included payment to Scoll, she will be unable to show that the case was terminated in her favor.

¶9 However, as we explain below, whether or not Fueger may be aggrieved in some sense by the settlement agreement, the settlement agreement is not an appealable decision. The circuit court did not rule on the validity of the agreement, the dismissal order is not conditioned on the validity of the agreement,

and no question about the validity of the agreement itself is before us in an appeal from the dismissal order.

¶10 We first address two arguments by the respondents that we do *not* regard as a basis to conclude that Fueger lacks standing. First, they assert that she does not have a legally recognizable interest in blocking the settlement and forcing American Family to continue litigation, because her American Family policy gives the right to settle to the insurer. However, this would potentially be a question to be decided in an appeal that reviews the merits of Fueger's objections to the settlement. The respondents are essentially arguing that Fueger lacks standing to appeal because she would lose on the merits of the appeal. They cite no law to support such a broad interpretation of standing, and we are not aware of any. Moreover, as explained below, this appeal does not involve a challenge to the settlement.

¶11 Second, the respondents assert that continued litigation of this defamation claim would not provide Fueger with a successful malicious prosecution claim, even if the defamation settlement does not occur and she ultimately prevails on the defamation claim. They argue that her malicious prosecution claim would still fail due to her inability to satisfy another element necessary for such a claim. However, we do not believe that a standing analysis in this appeal can properly become a vehicle for litigating the merits of a future malicious prosecution claim.

¶12 We focus instead on the decision that was actually made by the circuit court. The dismissal order itself is entirely favorable to Fueger. The order dismisses the claim with prejudice and does not require her to take any action or impose any legal obligation on her. The dismissal is also unconditional. The order refers to the settlement agreement, but the order does not require the parties to comply with the agreement or otherwise make the voluntary dismissal by Scoll contingent on that agreement. Although the parties made assertions in the circuit court and in filings about the content of the agreement, the agreement itself does not appear to have been placed in the record.

¶13 Because the dismissal order is, on its face, entirely favorable to Fueger, there is no basis for us to conclude that this order, by itself, would impair any future malicious prosecution claim by Fueger. In other words, Fueger is not aggrieved by the dismissal order's effect on such a future claim.

¶14 Instead, any such impairment would flow from the terms of the settlement agreement. But the current appeal cannot raise any issue about the validity of that agreement. The settlement agreement itself is not an appealable decision, because only judgments and orders may be appealed. *See* WIS. STAT. § 808.03(1). Furthermore, the circuit court did not rule on any question about the agreement. Instead, the court's focus, as quoted above, was entirely on whether there was a legal basis to stop Scoll from dismissing its own suit with prejudice. The court concluded that Fueger had given no such reason, but this decision does

not imply a conclusion about the validity of the settlement agreement. It does not because, although Fueger stated her objections to the agreement to the court, the court's ruling against her was not based on a rejection of the substance of her arguments. Instead, the ruling was, in practical effect, a determination that her arguments about the agreement were not legally relevant to whether Scoll would be permitted to dismiss its own suit with prejudice. Her arguments were not relevant because, even if the settlement agreement were not valid, that invalidity had still not been shown to be a legal basis to prevent Scoll from voluntarily dismissing its own case, which a plaintiff may choose to do even in the absence of a settlement.

¶15   In short, we conclude that Fueger is not aggrieved by the dismissal order because its terms are entirely favorable to her. Whether or not Fueger may be aggrieved by the settlement agreement, the agreement itself cannot be appealed, and no question about that agreement has been decided by the circuit court, and therefore no such question is before us in this appeal.

¶16   Fueger also argues that she is aggrieved because she has invested time in this case and has paid insurance premiums that are not being properly used by American Family to clear her name, and because dismissal of the case creates the "aesthetic" appearance that she defamed Scoll. However, none of these qualify as "direct" injuries for the purpose of establishing that Fueger is aggrieved

by the order dismissing Scoll's case against her. *See **Ford Motor Credit***, 142 Wis. 2d at 217.

> *By the Court.*—Appeal dismissed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.